IN THE MATTER OF THE PETITION OF ADAM S. CAMERON ET AL. TO VACATE AN ASSESSMENT FOR PAVING MADISON AVENUE, ETC., IN THE CITY OF NEW YORK.

An assessment for local improvements under the act of 1871, amending the act reorganizing the local government of New York (chap. 574, Laws of 1871), is invalid unless the commissioner of public works has certified to the board of assessors the amount of expenses paid or actually incurred by the city, as required by section 5 of said act. No other evidence can be substituted.

An assessment was made for paving a portion of Madison avenue. The certificate of the commissioner only stated the prices fixed by the contract for the work. It was accompanied by an affidavit of the surveyor stating the amount of work done, but the affidavit was not referred to in the certificate or made part thereof. *Held*, that the provision of the act was not complied with, and the assessment was void.

(Argued December 10, 1872; decided December 17, 1872.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, reversing an order of Special Term vacating an assessment for paving Madison avenue, in the city of New York, from Forty-second to Eighty-sixth streets.

The objections to the assessment were, that the resolution and ordinance in pursuance of which the work was done had not been published, as required by section 7 of the charter of 1857, and that the assessment was never confirmed by the common council.

A portion of the proceedings were not published in the

New York Leader, an official newspaper. An assessment was made under chapter 574, Laws of 1871. The facts in reference thereto appear in the opinion.

*Charles E. Miller* for the appellants.

*D. J. Dean* for the respondents.

RAPALLO, J. The publication of the resolution authorizing the improvement in question was held by the court below insufficient, and we concur in that conclusion, there having been no publication whatever as to one board. The assessment or reassessment, under the act of 1871, was resorted to, probably, for the purpose of curing this defect. This assessment was, however, invalid for want of a certificate of the commissioner of public works, as to the amount of expense paid or actually incurred by the city. The act of 1871 requires the certificate of that officer, and does not authorize the substitution of any other evidence as to the amount of expenses paid or incurred. By the certificate produced, the commissioner certifies only the prices fixed by the contract, but is silent as to the amount of work done and as to the expense paid or incurred. An affidavit of another party stating the amount of work done, and from which the expense could be computed, appears to have accompanied this certificate; but this affidavit is not adopted or even referred to in the certificate of the commissioner, or made part thereof. The commissioner of public works does not certify to the matters stated in the affidavit. He has not, therefore, certified as to the expense paid or incurred. The act of 1871 was not complied with, and there is no ground upon which the assessment can be sustained.

The order appealed from should be reversed, and the order made at Special Term affirmed, with costs.

All concur.

Ordered accordingly.