IN THE MATTER OF THE PETITION OF THE SECOND AVENUE METHODIST EPISCOPAL CHURCH TO VACATE AN ASSESSMENT.

A municipal corporation seeking to affect property within its jurisdiction by taxation, or proceedings in the nature thereof, must produce express power therefor in legislative enactment, and must show that it has strictly followed all the legal requirements.

Where a power is granted by legislative enactment, with a proviso annexed, the enactment is to be read as if no more power was ever given than is contained within the terms or bounds of the proviso.

The power of the corporation of the city of New York to assess for local improvements all property benefited thereby is limited by the provision in the act of 1840 (§ 7, chap. 326, Laws of 1840) prohibiting an assessment exceeding half the value of the property, as valued by the general tax assessing officers, and can only be exercised as to property which has been previously valued by said officers, and then only to an amount not greater than half the value named by them. (RAPALLO and ANDREWS, JJ., dissenting.)

This proviso applies as well to property of religious corporations used for religious purposes on which, as it is exempted from taxation, the assessors of the ward are not required by law to make a valuation as to other property. (RAPALLO and ANDREWS, JJ., dissenting.)

Accordingly, *held* (RAPALLO and ANDREWS, JJ., dissenting), where, upon a motion to vacate an assessment upon such property, it did not appear that there was an assessment roll made by the tax commissioner and deputy upon which the property appeared, with a valuation attached, that the assessment was illegal and void.

Also, *held*, that the acts of 1874 (chaps. 312 and 313, Laws of 1874), providing that no assessment for a local improvement shall be vacated for an omission in the performance of any official duty, or in carrying out the details of a law or ordinance, or for any defect in authority, or for any irregularity, did not apply, as it was not simply a defect, omission or irregularity, but a total absence of power; and that, therefore, the assessment was properly vacated.

*In re Methodist Episcopal Church* (5 Hun, 442) reversed.

(Argued June 6, 1876; decided June 13, 1876.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing an order of Special Term, vacating assessments for paving One hundred and nineteenth street from Third avenue to Avenue A, and for paving Second avenue from Eighty-sixth to One Hundred and Twenty-fifth streets, in the city of New York. (Reported below, 5 Hun, 442.)

The petitioner is a religious corporation, and the lots assessed are owned and used by it for public worship.

The application to vacate the assessment was made upon the ground that no valuation was ever put upon the property in the assessment roll by the general tax assessing officers, and that, therefore, the assessments in question were more than one-half the amount of the assessed valuation, and so void under the act chapter 326, Laws of 1840, section 7.

*Alexander B. Johnson* for the appellant. No valuation having been placed upon petitioner's land by the tax commissioners or their deputies, the assessment is void. (Laws 1840, chap. 326, § 7; Laws 1859, chap. 302, § 2; *In re Palmer*, 31 How., 42; *Nat. Bk. of Chemung* v. *Elmira*, 53 N. Y., 49; *Turfler's Case*, 19 Abb., 149; *First Presb. Church*. v. *City of Fort Wayne*, 36 Ind., 338; 4 U. S. Dig., 491 [1873]; *Voorhees* v. *Bk. of U. S.*, 10 Pet., 449; *Prosser* v. *Secor*, 5 Barb., 608.) Where persons are to be divested of their property by statute, the directions of the statute must be strictly followed. (*Whitney* v. *Thomas*, 23 N. Y., 286; *Westfield* v. *Preston*, 49.id., 349; *Howell* v. *Buffalo*, 15 id., 512; *Sharp* v. *Spier*, 4 Hill, 76, 92; *Palmer* v. *Lawrence*, 6 Lans., 282; *Doughty* v. *Hope*, 3 Den., 594; *Henderson* v. *Baltimore*, 8 Md., 352.) The laws of 1872 and 1874 cannot be held to impose the assessments on petitioner's property. (*Denny* v. *Mattoon*, 2 Al., 361; *Nelson* v. *Rountree*, 23 Wis., 367; *Griffin* v. *Cunningham*, 20 Grat., 31; *Mayor, etc.*, v. *Horn*, 26 Md., 194; *McDaniel* v. *Correll*, 19 Ill., 226.)

*J. A. Beall* for the respondent. The omission of the tax commissioners to value the lots sought to be assessed furnishes no ground for vacating the assessments. (2 Laws 1872, chap. 580, § 7, p. 1416; Laws 1874, chap. 313, p. 366; *In re Meyer*, 50 N. Y., 504; *In re VanAntwerp*, 56 id., 261; *Lennon* v. *Mayor, etc.*, 55 id., 361.)

FOLGER, J. The appellant concedes, and it may be assumed, that its property was not, by any express provision of law, exempt from an assessment of the nature of the one in question. If the manner of laying the assessment upon that property, was in accordance with law, the appellant may not escape. Whether it was or not depends, in the first place, upon which party to the controversy has the substantial affirmative upon it. If the appellant is required to establish, that the city has exceeded the limit of one-half the valuation placed upon its property by the officers authorized to make valuation, the appellant is unable to do so, for where no valu-

ation has been made, any sum assessed cannot, in strictness, be said to exceed one-half of the valuation made. But the substantial affirmative is not upon the appellant. It is a rule, that the municipality which seeks to effect the property within its jurisdiction, by taxation or proceeding in the nature thereof, must produce express power therefor in legislative enactment, and must show that in its attempt to tax, it has strictly followed all the legal requirements. It, seems then, that the substantial affirmative is upon the city. It does, indeed, upon the concession and assumption above noted, have the abstract power to assess the property of a religious corporation, used for religious purposes, inasmuch as it has the power to assess for a local improvement, all property benefited thereby which is not exempted from assessment. But there is a limit to that power, in the amount to which it may carry its assessment. It may assess up to one-half the value placed upon the property by certain of its officers. To justify its assessment in this case, it must show that it has kept within that limit; that it has not assessed more than one-half the value. It cannot show that, without showing what was the value named by those officers. This it cannot do, for no value has been placed upon it by them. Practically, it is as if the law authorized the city to assess, upon the basis of a prior existing assessment roll, and not to exceed in the assessment put upon any piece of property, an amount equal to one-half the valuation placed upon that piece in that prior assessment roll. If there be no assessment roll at all, or no roll upon which appears that piece of property, with a valuation attached to it, how can the city make it appear that it has kept within the power given to it by law?

It is a power given, with a proviso annexed. The demand of the proviso must be answered, as a prerequisite to a legitimate exercise of the power. The city is unable to show that demand answered, for the reason that the facts do not exist by which the extent of the demand may be measured. The respondent claims that it does not appear, that there was not a valuation before the term of five years before the trial. But

it has not proven that there was.    It is apparent that the case proceeded upon the tacit assumption, that there had never been a valuation put upon the lots by the ward assessors or by their successors.

In the second place, however, if this limitation was not intended to apply to such a case as that of the appellant, then a liability to the assessment may exist.    It is said that the provision, limiting the amount of assessment to one-half the valuation fixed by the tax-assessing officers, could not have been meant to apply to a case, in which those officers were not required by law to make a valuation.    The difficulty in assenting to this idea is, that it does not take a correct notion of the extent and character of the power given.    A proviso in a grant or enactment, is something taken back from the power first declared.    The grant or enactment is to be read, not as if the larger power was ever given, but as if no more was ever given than is contained within the terms or bounds of the proviso.    The authority to the city, in the purview of the proviso, is no more than to assess for local improvements all property benefited thereby, when that property has been previously valued by the general tax assessing officers, and then, not to an amount greater than half the value named by them.    Said the legislature to the city, this and no more : you may assess any piece of property for local improvements one-half of the value placed upon it by certain of your officers.    A valuation previous to assessment thus becomes the chief basis of the power to assess at all.    It would be an interpolation in the act to insert, as a further declaration : if those officers have made no valuation, then you may assess at your discretion.    It would be more than is found in the language of the act, and more than can be fairly implied from it.    The correct conclusion is, that the draftsman of the law overlooked the fact that some property, by reason of exemption from general taxation, would not be valued at all.    If this act read in terms : the city may assess for local improvements all property which has been valued by tax commissioners, not to exceed one-half of the valuation given to it

by them, there could be no implication therefrom that property not valued might be assessed. Yet, the true office of the proviso in this act, is to reduce the meaning of the latter to just those terms.

In the third place, it is to see, whether there is other legislation than that already noticed, which affects the question. It is not contended that there is any, adverse to the appellant, unless it is found in the acts of 1874 (Laws of 1874, chap. 312, p. 366 ; id., chap. 313, p. 366). It is there provided that no assessment for a local improvement shall be vacated ; first : For the omission of any officer to perform any duty imposed upon him ; second : For any defect in the authority of any department or officer to perform any duty imposed upon him ; third : For any omission to carry out the detail of any law or ordinance ; fourth : For any irregularity, unless the case be one of fraud, or an assessment for repaving ; and that all property benefitted by a local improvement shall be liable to an assessment therefor, notwithstanding omission, defect in authority or irregularity. The matter alleged by the appellant is not an irregularity, it is lack of fundamental power ; it is not an omission to carry out the detail of a law, it is the total want of authorizing law ; it is not a defect in the authority to perform a duty imposed, which supposes an official obligation without power adequate, but it is a case of no power given because no duty is imposed ; it is not an omission to perform a duty imposed, but a case where, as last said, there is no duty created.

There is a legislative *casus omissus.* We have no reason to suppose, that the legislature would have purposely withheld from the city, the power to assess such property for such object. It did not, however, by the terms of the statute make a grant of it. As the power may not be exercised without an express grant, we must hold that the city may not exert it.

The order of the General Term should be reversed, and that of the Special Term affirmed.

All concur, except RAPALLO and ANDREWS, JJ., dissenting.

Ordered accordingly.