IN THE MATTER OF THE PETITION OF THE NEW YORK
PROTESTANT EPISCOPAL PUBLIC SCHOOL TO VACATE AN
ASSESSMENT.

The act of 1874 "in relation to taxes and assessments in the city of New York" (chap. 312, Laws of 1874), and the act passed on the same day amending the act of 1872 "in relation to certain local improvements" in said city (chap. 313, Laws of 1874), are not in conflict; under the latter act no assessment for a local improvement can be vacated for any of the defects or irregularities specified therein, unless actual fraud is shown, under the former they may be vacated for fraud or substantial error, but the error must not be one mentioned or described in the latter act.

An ordinance was passed by the common council for curbing, guttering and flagging a portion of First avenue. Proposals were called for and received for the work; the bid which was accepted offered to do the flagging for nothing, although a large amount was required, while the price bid for curbing and guttering was largely in excess of the value of that work and in excess of the prices of other bidders, and was intended as a compensation also for the flagging. The board of assessors, in making their assessment, omitted all lots in front of which flagging only was done. In proceedings to vacate the assessment, *held*, error; that the question as to whether expenses were incurred did not depend upon the manner of bidding, but it was the duty of the assessors to assess the expense upon all the property on the line of the improvement, according to the benefits conferred on each parcel; that the case was not one of erroneous judgment as to the extent of benefits, but the adoption of an illegal rule by which many lots confessedly benefited were omitted; that the error was a substantial one and operated as a fraud upon the owners whose property was assessed; and, as it was not an error embraced in the statute last above specified, that proceedings under the former statute to set aside and vacate the assessment were proper.

It is not indispensible in such case to find that the assessors intended to commit a wrong, it is sufficient if they have assessed one class of property for improvement upon another class and have exempted the latter from assessment, whether they believed it illegal and wrong or not.

Also, *held*, that a rehearing could not be ordered with a view of reducing the petitioner's assessment, as there was no fixed sum or criterion for the court to act upon, and as it had no power to make the assessments upon the omitted parcels; and that therefore the whole assessment was void.

*In re Mayer* (50 N. Y., 504), distinguished.

(Argued November 19, 1878; decided November 26, 1878.)

APPEAL from an order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term denying a motion to vacate an assessment for setting curb and gutter stones and flagging First avenue from Sixty-fifth to Eighty-sixth streets in the city of New York.

It appeared that the common council passed an ordinance for the improvements specified. The commissioner of public works received fourteen bids for the work. He accepted the bid of one Keyes who offered to perform the excavation, filling and flagging for nothing. The prices for the curbing and guttering were about four times those of the other bidders. The largest portion of the expense of the improvement was the flagging. The contract was entered into and the work done. Flagging was laid opposite a large number of lots where no curbing or guttering was done. The board of assessors in making the assessment for the work imposed the assessment upon those lots only in front of which curbing and guttering was done, omitting entirely those in front of which flagging only was laid.

Upon the hearing the petitioner offered to show that in 1870, when the work was done, it was worth twenty-one cents per square foot to furnish and lay flagging, which evidence was rejected, and petitioner's counsel excepted.

*Geo. C. Genet*, for appellant. The right of the city to assess the expense of regulating and grading a street is not an arbitrary right but depends on the statutes conferring it. *People* v. *Mayor of B'klyn*, 4 N. Y., 424; *In re Second Ave. Church*, 66 id., 359; Greenleaf's Laws of N. Y., 441; Laws 1806, chap. 124, § 17; 2 Laws 1813, p. 407, § 175; City Ordinances 1845, title 7, Laws 1859, chap. 302, §§ 15, 19; *In re Rhinelander*, 4 N. Y. W'kly Dig., 250.) The assessment was void because it omitted portions of the property benefited. (*Hassan* v. *City of Rochester*, 67 N. Y., 528; *Doughty* v. *Hope*, 3 Den., 594; *In re Turfflur*, 44 Barb., 46; *Chapman* v. *Brooklyn*, 40 N. Y., 380; *Joyner* v. *School District*, 3 Cush. [Mass.], 567, 572; Cooley on Taxation,

3296; *In re pet. Casey*, 5 Hun, 463.)   The defects were substantial within chapter 308, Laws 1858, as amended by chapters 312, 313, Laws of 1874.   (*In re Second Ave. Church*, 66 N. Y., 395.)

*J. A. Beall*, for respondent.   The assessors are clothed with discretion as to the apportionment and distribution of the assessment and their discretion will only be interfered with in a very clear case of fraud.   (*In re Eager*, 46 N. Y., 100; 11 Hun, 76–281.)   Actual fraud alone will vacate an assessment. (*In re Mayer*, 50 N. Y., 504.)   The assessment cannot be vacated for anything that occurred prior to the certificate of the contract commissioners that the contract and performance of it were free from fraud.   (Laws 1872, chap. 580, §§ 1–4; *In re Peugnet*, 67 N. Y., 441.)

CHURCH, Ch. J.   It is difficult to sustain this assessment. The rule adopted by the assessors was radically erroneous, and the result reached by them violates the law under which they acted, and the fundamental principle of equality upon which, only, can taxation in any form be justified.

A large number of lots on the line of the improvement were intentionally omitted from the assessment.   The reason alleged for this omission is that in the bid of the contractor no price was specified for flagging, although a large amount of flagging was to be performed, as well as curbing and guttering.   The price bid for the latter was largely in excess of the value of doing that work, and in excess of the price of other bidders, for that work, and it is manifest, and undisputed, that this price was intended as a compensation, not merely for that particular work, but also for the flagging. This bid is what is commonly known as an " unbalanced bid."   It is not perhaps fraudulent *per se*, and the contract having passed the ordeal provided by the act of 1872, the court below was I think justified in regarding it free from fraud.   But the action of the assessors, in omitting all lots, in front of which, flagging only was done, because there was

no specific price for flagging in the contract, was clearly erroneous. It assumed that the flagging cost nothing, and hence the lots were not benefited.

All the statutes from 1787, to the present time require the assessments to be made for expenses incurred according to benefits. The test of whether expenses are incurred does not depend upon the manner of bidding. Prices for different kinds of work are often fixed arbitrarily, and always with a view of securing the contract by making the aggregate the lowest bid, but the aggregate sum is the compensation for the whole work. The price for one kind of work may be double its value, and another without any price, but it cannot be said that the latter cost nothing for the purpose of securing reimbursement for actual benefits. In such cases the excess of prices for some of the work, would perform other work where no price was specified. Otherwise the owners of a single block might be assessed for a mile of improvement made for the benefit of others. The assessors in this case had before them the total cost of doing the whole work together with the expenses, and it was their duty to assess the expense upon all the property on the line of the improvement benefited, according to the benefit conferred upon each parcel. This was not done. A large number of lots were omitted, in front of which flagging was laid, not because no benefit was conferred upon the lots, but upon the erroneous idea that such flagging did not cost anything. It is not a case of erroneous judgment as to the extent of benefits, but the adoption of an illegal rule by which many lots confessedly benefited were omitted.

In the *Matter of Casey* (5 Hun, 463), which involved the legality of this assessment, the General Term vacated the assessment upon the ground that it appeared in that case that one block was omitted, in front of which both curbing and flagging had been done.

In the subsequent case of *Auchmuty* (11 Hun, 76), where it was shown that the work in front of that particular block was performed by the owner, the court refused to vacate the

assessment.   But I can see no substantial distinction in principle, between the omission of property in front of which both curbing and flagging was done, and the omission of property where only flagging was done, except upon the assumption that flagging did not cost anything, which as we have seen is inadmissible.   In both cases property liable to assessment was omitted, not inadvertently or by mistake, but intentionally, and the error is not mitigated by the circumstance that in the latter case it was through the adoption of a vicious rule.   I think also that the remedy by this proceeding is appropriate.   By chapter 313 of the Laws of 1874, it is provided that assessments shall not be vacated on account of certain irregularities and defects specified and described, unless fraud is shown.   By chapter 312 of the Laws of 1874, it is provided that assessments may be vacated on motion for substantial error or fraud.   These statutes passed on the same day have created some embarrassment in determining the cases in which this summary remedy may be resorted to.   We think the two acts are not in conflict, and the proper construction of the former is that no assessment can be vacated for any of the defects or irregularities specified or described therein, unless actual fraud is shown, and that under the latter they may be vacated for fraud or substantial error, and the error must not be one mentioned or described in chapter 313, and it must be substantial.   This construction harmonizes the provisions of the two acts, and it seems to us accords with the intent of the Legislature.

The *Case of Mayer* (50 N. Y., 502) involved a defect specified in chapter 313, and is not in conflict with this construction.

The error in this case is not embraced in chapter 313.   It is substantial, and operates as a fraud upon the owners whose property is assessed, as much so, except in degree, as if the expense had been assessed upon property on Second avenue.   Hence it is clearly authorized by chap. 312. It is not indispensible to find that the assessors intended to commit a wrong.   It is enough that they have assessed one

class of property for improvements upon another class, and exempted the latter from any assessment, and whether they believed that this was illegal and wrong, or not, is not essential. While every reasonable intendment of good faith and regularity should be indulged by the courts in respect to the acts of public officers in making these assessments, the rights and interests of property holders upon whom the burdens are imposed, should not be disregarded or overlooked. I have had some hesitation upon the question whether a rehearing should be ordered with a view of reducing the petitioner's assessments, but upon reflection I do not see how this can with propriety be done. There is no fixed sum or criterion for the court to act upon. The court would occupy the position of the assessors, and the assessment would be according to its judgment, instead of the judgment of the assessors. Besides it would have no power to make the assessments upon the omitted parcels, and thus make a valid assessment for the improvement. I think that the whole assessment is void. (*Hassan* v. *City of Rochester*, 67 N. Y., 528.)

The order of the General and Special Terms must be reversed, and the motion to vacate the assessment granted.

All concur, except HAND, J., not voting; ANDREWS, J., concurring in result.

Orders reversed and ordered accordingly.