IN THE MATTER OF THE PETITION OF THOMAS MURPHY
TO VACATE OR REDUCE ASSESSMENTS, ETC.

*Resolution for paving — when it authorizes the pavement of the streets which bound at each end the portion of the street improved — Error in the amount of an assessment — when it may be corrected on petition, under chapter 312 of 1874.*

A resolution directing "that Madison avenue, *from* Forty-second *to* Eighty-sixth streets, be paved with Belgian pavement, and that at the several intersecting streets and avenues cross-walks be laid," etc., authorizes the paving of Eighty-sixth street as being one of the intersecting streets. (BRADY, J., dissenting.)

Where, under a resolution directing the pavement of Madison avenue, from Forty-second to Eighty-sixth street, the latter street was paved, and the petitioner's lot, situated on the north-west corner of Madison avenue and Eighty-sixth street, was by mistake assessed, not only for its proportionate part of the paving done at the intersection, but as though it were situated wholly within the area of assessment, *held,* that the error could be corrected on a petition to vacate the assessment under chapter 312 of 1874.

APPEAL from an order made at Special Term denying a motion to vacate an assessment in the city of New York.

*E. M. Neville,* for the petitioner, appellant.

*J. A. Beall,* for the City of New York, respondent.

BARRETT, J. :

The petitioner makes two objections : First. That his property was not included in the area of assessment; and, Second. That the amount was excessive.

The first objection is based upon the terms of the resolution, the material part of which is as follows :

"*Resolved,* that Madison avenue, *from* Forty-second *to* Eighty-sixth street, be paved with Belgian pavement, and that at the several *intersecting streets* and avenues cross-walks be laid where not now laid," etc.

It is contended that the words, "*to* Eighty-sixth street," mean to the southerly line, and that, consequently, the petitioner's property on the north-west corner of Madison avenue and Eighty-

sixth street is not included.    This is not a fair construction of the resolution ; the language is, from and to the streets in question, not from the northerly line of the one to the southerly line of the other.

The intention plainly was to cover and include these streets and to treat them as "intersecting," within the other branch of the resolution.    There can be no doubt, for instance, of the authority to lay cross-walks on these streets.

The same view applies to the notice for objections ; that was sufficient under the construction which supplies the word " inclusive " at the end of the sentence " both sides of Madison avenue from Forty-second to Eighty-sixth streets."

The second objection, however, is well founded.    The testimony shows very clearly that there was a mistake as to the large amount assessed upon the petitioner's property, and that great injustice was thereby done him.    According to the well established custom and governing rule of the assessors, the petitioner's lot was assessable only for the work done at the intersection.    This was just, for the reason that his frontage was beyond the line of improvement. *By an acknowledged* error he was assessed as though his frontage were included in the area of assessment.    The same mistake seems to have been made with respect to the opposite lot upon the north-east corner.    Not so, however, as to the lots upon the south-west and south-east corners of Forty-second street and Madison avenue.    They were properly assessed for their proportion of the intersection work and no more.

All this appears most explicitly from the testimony of the secretary of the board, and even the president, Mr. Asten, speaking of the amount imposed says, that " it is his impression that it was an error."

We were doubtful at first whether this error could be remedied in these proceedings.    But an examination of *The Matter of the Protestant Episcopal Public School* (75 N. Y., 324) has convinced us that it may.

In that case, the act of 1874 (chapters 312 and 313) were held to embrace an error in the adoption of an illegal rule, by which the amount imposed upon the petitioner was improperly increased.

*A fortiori* these acts apply where, as here, the principle is well

enough, but there has been a clear and probably unintentional mistake in its application. If, in the former case, the injured party is not limited to a *certiorari*, certainly he should not be in the latter. It is enough to sustain these proceedings under the case cited that there was *substantial error*. The question of *laches* was not raised and has not been considered.

The testimony is not clear as to the proportional amount for the paving done at the intersection. Mr. Tully says : "I should judge, to look at it, it would be less than $100." That is not enough to enable us to dispose of the matter with precision.

The order must, therefore, be reversed, with ten dollars costs and disbursements of the appeal, and the proceedings remitted for further proof as to such proportional amount, with instructions to reduce assessment to the sum so ascertained.

DAVIS, P. J., concurred.

BRADY, J. (dissenting).

The improvement, to which this application related, extended from Forty-second to Eighty-sixth streets, and when it touched the southerly line of Eighty-sixth street it ended. It was not within its language to cross that street.

The words "intersecting streets," in the resolution, give no force to the contrary view. These were the streets between Forty-second and Eighty-sixth streets, and over the bed of which if, in a continuous line, the improvement intersected. There was to be no intersection at Eighty-sixth street; the improvement stopping at the line of that street, and, therefore, not cutting it at all.

To intersect, is to cut, divide or cross mutually. Two lines are said to intersect when they cross each other, having a point in common. The etymology of the word makes this more apparent, being *inter*, between, and *seco*, to cut — Worcester's Dictionary. If the resolution had provided for the improvement to the northerly side of Eighty-sixth street, or to and including Eighty-sixth street, the intersection would have occurred, but it did not. It was to Eighty-sixth street, and, when the point indicated was reached, its power was spent. This fact did not limit the area of assessment, doubtless, to the boundary lines given; but the notice

to the petitioners was deficient, because it did not describe the limits of the assessment so as to embrace his property, and he was not properly advised of its imposition. It followed and repeated the language of the resolution, which was not enough. (See Laws 1841, chap. 171, § 1.)

Order reversed, with ten dollars costs and disbursements.