In the Matter of the Application of FRANKLIN H. CHURCHILL to vacate an Assessment.

An assessment for paving and grading a street in the city of New York was made prior to January, 1876.  A strip of land one hundred feet wide,

marked on the map annexed to the assessment as avenue B, crossing the street in question at right angles, was omitted from the assessment. Said avenue was closed by statute in 1875. (Chap. 49, Laws of 1875.) The said strip, prior to the assessment, was not designated on the tax map of the city and no valuation thereof appeared upon the tax assessment-rolls. It was divided between the adjoining lots and assessed upon the tax-roll for 1876, which assessment was made prior to January 1, but did not become effectual until May 1 of that year. (§ 8, chap. 302, Laws of 1859.) In proceedings to vacate the assessment, *held*, that as there was no lawful valuation of said strip of land when the board of · assessors acted, they had no power to make such valuation or to assess it ; that they were under no legal obligation to suspend their proceedings until the new assessment-roll became operative; and that, therefore, the omission of said strip of land did not invalidate the assessment.

It did not appear from the record that the petitioner was assessed for paving the street along avenue B, or that the cost thereof was included in the assessment. *Held*, that this was fatal to the application.

(Argued June 15, 1880 ; decided October 12, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term which denied an application of the petitioner to vacate an assessment, upon certain lots belonging to him in the city of New York, for regulating and grading Seventy-sixth street, from the Fifth avenue to the East river.

The facts are sufficiently stated in the opinion.

*Geo. C. Genet* for appellant. The assessment was illegal and void, as it assessed one class of improvement on another class and exempted the latter. (*Hassan* v. *Rochester*, 67 N. Y. 324; *In re P. E. School*, 75 id. 324.)

*J. A. Beall* for respondent. The board of assessors had no power to make valuations. (Laws of 1859, chap. 302.) A valuation by the tax assessing officers is a prerequisite to a valid assessment. (*In re Second Ave. Meth. Church*, 66 N. Y. 395.)

MILLER, J. The petitioner was assessed for the regulating and grading of Seventy-sixth street, for two lots situated on said street, between First avenue and avenue A. A space

marked on the map annexed to the assessment as avenue B, to the depth of one hundred feet, crossing said street at right angles, was omitted from being assessed upon the assessment roll. It is claimed that this space had been closed as a public street, stricken from the map, and was subject to assessment, and that the omission to assess the same rendered the entire assessment illegal and void. The principle that all property within the limits of the territory to be assessed shall be assessed, and that the omission of a part vitiates the whole assessment, is well established. (*Hassan* v. *City of Rochester*, 67 N. Y. 528 ; *In re Prot. Epis. School*, 75 id. 324.) In order, however, to apply this principle, it must be made to appear that the property omitted was liable to assessment. In making the assessment the assessors must follow the valuation made by the commissioners of taxes, and the board of assessors have no power either to make or to correct such valuation. (Chap. 302, Laws of 1859.) This valuation by the tax assessing officers is a prerequisite to a valid assessment. (*In re Second Ave. Meth. Church*, 66 N. Y. 395.) Avenue B, constituting the space referred to, by an act of the legislature in 1875, was closed, and the evidence shows that this land was divided between two blocks, and one portion was valued with one lot in one sum and as one parcel, and the other portion assessed and valued with another lot, and as appears from the books and maps containing assessments for the year 1876. This assessment was made previous to January, 1876, but the valuation was subject to correction, and did not become effective until the 1st of May following, when the time to apply to the tax commissioners for correction expired. (Chap. 302, Laws of 1859, § 8 ; *In re Schell*, 76 N. Y. 432.)

The assessment for the improvement in question was made previous to January, 1876, and it being shown by the secretary of the board of assessments that the space in question was not designated on the tax map of the city, which was before the board, as property ; that the property was not designated by ward, block and number ; and it appearing that there was no lawful valuation when the board of assessors acted, they had

no power to make the valuation of such space or to assess the same. Nor do we think that the assessors were under any legal obligation to suspend their proceedings until the new assessment-roll became operative.

Independent of the consideration suggested, it is a sufficient answer to the application of the petitioner, that it does not appear from the record before us that he was assessed for paving the street along avenue B, or the cost thereof entered into the assessment actually made.

The order appealed from should be affirmed.

All concur.

Order affirmed.

| 82 | 291 |
|----|-----|
| 111 | 106 |
| 111 | 457 |
| 111 | 611 |

| 82 | 291 |
|----|-----|
| 113 | 335 |

| 82 | 291 |
|----|-----|
| 130 | 228 |

| 82 | 291 |
|----|-----|
| 133 | 101 |

| 82 | 291 |
|----|-----|
| j 151 | 46 |