**508** PEOPLE ex rel. JOHNSON *v.* WHITNEY'S POINT.

THIRD DEPARTMENT, MAY TERM, 1884.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. H. DELOS JOHNSON, Respondent, *v.* THE PRESIDENT AND BOARD OF TRUSTEES OF THE VILLAGE OF WHITNEY'S POINT, Appellants.

*Village — proceedings for laying out streets — the provisions of the statute must be strictly complied with* — 1870, *chap.* 291, *tit.* 7, *sec.* 1 — *application for a* mandamus *to compel the levying of a tax — a clear right must be established by the relator.*

Section 1 of title 7 of chapter 291 of 1870, providing for the incorporation of villages, authorizes the board of trustees to lay out and open streets, but directs that no street shall be laid out or opened unless all claims for damages on account thereof shall be released without remuneration, "except on the written petition of at least ten freeholders residing in said village, which petition shall specify the improvement to be made, describe the land to be taken, state the owner or owners thereof, when known, and shall be filed in the office of the clerk of the village." A petition for the opening of a street in a village was presented to the board of trustees thereof, which described accurately and specifically the land to be taken. Included within the area so described was a strip of land one rod wide and two rods long belonging to one Seymour. Seymour was not named as one of the owners in the petition.

*Held*, that the failure to insert his name in the petition deprived the board of all jurisdiction over the subject matter of the petition.

That the fact that Seymour's land was not intended to be included in the area described in the petition did not affect the question.

The said section provides that on the presentation of the petition the trustees shall meet and examine the same, "and if they decide the improvement shall be made, they shall so decide by *resolution* to be entered in the minutes of the board." Upon the presentation of the petition above referred to it appeared from the minutes that it was "moved that the improvement asked for in the said petition be made. Motion carried, all voting aye."

*Held*, that this was not a compliance with the provisions of the act requiring the decision of the board to be expressed "by resolution." (LEARNED, P. J., doubting as to this.)

The act required a copy of a notice of hearing before the board to be served on the owner or owners of the land described in the petition.

*Held*, that the failure to serve a notice upon Seymour invalidated all the subsequent proceedings.

The proceedings instituted upon the said petition resulted in the laying out of the street. The damages of the relator were assessed by a jury impanneled for that purpose, and subsequently increased by the commissioners appointed by the county judge. The village, by its officers, took part in all these proceedings. Upon an application for a *mandamus* to compel the defendants to

levy a tax to raise the money to pay the amount of the damages awarded to the relator:

*Held,* that the part that the defendant had taken in the proceedings for opening the street did not estop it from claiming that all the proceedings were void for want of jurisdiction.

The act provides that after a hearing has been had "the trustees may deny the petition, or approve and declare by resolution to be entered in their minutes, their intention to make the *said improvement.*"

*Held,* that the trustees must either reject the petition or direct the improvement to be made just as described in the petition; that they could not change the line of the road in any particular, however small, although no one was harmed thereby.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The proceeding was instituted to compel the defendant to levy and collect a tax to pay the damages awarded to the relator for the opening of a street through land belonging to him. The proceedings for opening the street were instituted under section 1 of title 7 of chapter 291 of 1870, an act for the incorporation of villages, which provides, among other things, that the board of trustees "shall have all the powers of commissioners of highways of towns in this State, subject to this act, and, as such, they shall have power to discontinue, lay out, open, widen, alter, change the grade or otherwise improve roads, avenues, streets, * * * but no road, avenue, street, lane or sidewalk shall be opened or altered, unless all claims for damages on account of such opening or altering, shall be released without remuneration, except on the written petition of at least ten freeholders residing in said village, which petition shall specify the improvement to be made, describe the land to be taken, state the owner or owners thereof, when known, and shall be filed in the office of the clerk of the village. On the presentation of such petition the trustees shall and must meet and examine the same; and, if they decide the improvement shall be made, they shall so decide by resolution, to be entered in the minutes of the board"; it also provides for giving notice to the owners of the land of the petition, and of the time and place at which they might appear and be heard. It further directs, that after such hearing "the trustees may deny the petition or approve and declare by resolution, to be entered in their minutes, their intention to make the said improvements, and proceed

to obtain possession of the land." The relator claimed under an assignment of an award of damages made to Jabez Johnson for the laying out of the street through his (Jabez Johnson's) land.

*Chapman & Lyon*, for the appellants.

*William J. Montanye*, for the respondent.

BOCKES, J. :

This is an appeal from a judgment in favor of the relator, entered on the report of a referee, directing a peremptory writ of *mandamus* to issue to the defendants, commanding them to make an assessment and levy a tax upon the taxable property and inhabitants of the village of Whitney's Point, for the sum of $1,198.39 (with interest and costs), for damages awarded to Jabez Johnson, because of the laying out of a public street through his lands, which award had been, before the *mandamus* proceedings were instituted, assigned to the relator.

The village was incorporated under the general act for the incorporation of villages, passed in 1870 (chap. 291), and the proceedings to lay out and open the street were taken in 1875, under the provisions of that act. These proceedings resulted in the laying out of the street by the trustees of the village, by resolution entered in the village records, in which resolution the street was particularly described by metes and bounds. Damages for the land taken for the street, owned by Jabez Johnson, were first assessed by a jury impanneled for that purpose, at $163, which, on appeal by him, were increased by the commissioners having the matter in charge under appointment by the county judge, to the sum of $1,198.38. The corporation, by its officers, took part in all the proceedings to, and including, the hearing before the commissioners who made the reassessment of damages, and made, or caused to be made, a record of their action. It is claimed that the street, as laid out, was accepted and used and occupied as a public street by the village authorities, under and in pursuance of the order laying it out ; but the referee does not so find specifically, nor would the proof support such finding. The fact seems to be that the public had been accustomed, to some extent at least, to pass and repass along the general line of the way for a considerable time prior to the taking

of the proceedings to lay out the street, and such use was continued thereafter substantially the same as before. The street, however, was never graded or worked by the corporate authorities with a view to its adaptation or appropriation to use as a public highway, under or by virtue of the proceedings for laying it out.

It was insisted on the trial before the referee, and it is now urged on this appeal, that the proceeding to lay out the street was without jurisdiction and void, because of fatal informality in its inception, and void because of omissions of statutory requirements necessary to the preservation of jurisdiction in its continuance.

The proceeding here brought under examination being entirely statutory, can be maintained only on a substantial observance of the provisions of the law under which it was taken. Any omission in that regard will be fatal to jurisdiction. Thus it was laid down in *Merritt* v. *Village of Portchester* (71 N. Y., 309) that in a case like the present, any departure in substance from the formula prescribed by the statute vitiates the proceedings under it; and further, that what the legislature has directed to be done in such cases the courts cannot declare immaterial. (See, also, *Matter of S. Ave. M. E. Church,* 66 N. Y., 395; *Matter of City of Buffalo,* 78 id., 362, and *Brevoort* v. *Brooklyn,* 89 id., 128.) So, too, a proceeding may be challenged for a want of jurisdiction, at any time, by a party to be affected by it. Now, it is urged that the proceeding to lay out the street here under examination was without jurisdiction in its very inception, because of the non-observance of statutory requirements— that where (as in this case, the claims for damages were not waived by those whose lands were to be taken for the street) the statute required that the petition by freeholders, asking for the improvement, should "specify the improvement to be made, describe the land to be taken, state the owner or owners thereof, when known," etc., and that on the presentation of such petition the trustees, if they decide to make the improvement, "shall so decide by resolution to be entered in the minutes of the board." Such is the statute. (Laws of 1870, vol. 1, 695, chap. 291.) It is insisted that these prerequisites to jurisdiction were not observed. The petition by the freeholders specifies the improvement to be made, and describes the land to be taken with absolute precision, corners, distances, and unmistakable monuments are given in it with particularity and certainty.

These must, therefore, govern in determining the lands proposed to be taken for the street, and these must also control in determining who were the owners of such lands. It turns out that the description, so minutely and unmistakably given, embraces lands of Seymour. Yet he is not named as owner in the petition, as the statute requires. It is no answer to say that it takes but a small piece of Seymour's land, one rod wide and two rods long. It is sufficient that the law requires just that to be done which is here omitted, and to adopt the language of ALLEN, J., in the case first above cited, "that which the legislature has directed courts cannot declare immaterial." It is true the referee finds, in effect, that the description, as given in the petition, does not include, or rather was not intended to include, any of Seymour's land. But the description unmistakably embraces a piece of his land one-half the width of the street, for the distance of two rods, and of course a different or contrary *intention* cannot be permitted to countervail the fact made certain by the record.

In the next place, did the trustees declare their decision to make the proposed improvement "by resolution * * * entered in the minutes of the boards." According to the record, the petition asking for the improvement was received by the board and placed on file. Then followed this entry in the minutes: "Moved, that the improvement asked for in the said petition be made. Motion carried, all voting aye." Here was a decision by a vote upon the motion, and the record of this vote was made by entry in the minutes of the board, but was it an entry of the decision "by resolution" within the purview of the statute? The requirement of the statute is that there should be a record made of what was decided or determined upon in a particular form. This record was to be so made *by resolution*. In the proceedings of public bodies, especially those exercising legislative powers, there are two modes or forms of giving expression to their action — one by motion and vote simply, the other by the more solemn form of resolution. When applied to such proceedings the use of these terms, respectively, carries a distinct and different meaning, one from the other. Now here the statute contemplates, first, a decision, and secondly, the making of a record of that decision in a particular specified form. There was a decision by motion, but there was also a record to be

PEOPLE ex rel. JOHNSON v. WHITNEY'S POINT. 513

THIRD DEPARTMENT, MAY TERM, 1884.

made of that decision "by resolution to be entered in the minutes of the board." By being thus particular and specific, it is plain that it was intended that *form* as well as substance should be observed, to the end that the entry, when made, should of itself constitute a perfect record of what was decided — that the record so made should, of itself, show the improvement which was decided upon. So the decision was required to be "by resolution," in contradistinction to any other mode of expressing what was determined upon. We are of the opinion that the entry in the minutes of the board did not meet the requirements of the statute in form or substance. To have answered these requirements there should have been an entry of a formal resolution, so complete in itself as to show what the improvement decided to be made was.

But let the case be examined as to the next step in the proceeding. The statute provides that following the decision and its entry in the minutes by resolution the trustees shall give notice, as therein specified, of a time and place of meeting to hear objections that may be made to the taking of the land for the improvement, "*a copy of which notice must be served on the owner or owners of such land,*" if a resident, and by mail on non-resident owners, at which time and place persons interested might be heard before them, after which hearing they might deny the petition or approve, etc. The minutes of the board show that the proceedings were adjourned from time to time until July sixth, when the formal order laying out the highway was made and entered in the records.

The appellant claims that the notice of hearing before the trustees was not served on the owners of the lands proposed to be taken for the improvement, as required by the provision of the statute above cited. Without inquiring as to other owners, it is not pretended even that such notice was served on Seymour, or that he in any way waived its service. Here there was a fatal defect in the proceeding. Without service of a notice on Seymour, or of a waiver of it by him, the trustees had no authority to take his land. They were without jurisdiction in that regard. (*Matter of S. A. M. E. Church*, 66 N. Y., 395.) It is also claimed that there was neither service of the notice upon, or waiver of it by some other owners. This, however, is disputed. We think it unnecessary to go into an

514 PEOPLE ex rel. JOHNSON *v.* WHITNEY'S POINT.

THIRD DEPARTMENT, MAY TERM, 1884.

examination of this subject, the statute not having been complied with as to Seymour.

It may be well to note a further fact, that by the resolution or order of July sixth the trustees did not follow the application as made by the petition, but laid the road in part on a different route from that given therein. The statute is, that if they approve they shall declare by resolution " their intention to make the *said improvement ;*" that is, the improvement sought by the petition. The law gives them no right to change the route specified in the petition. They may " *deny the petition*," or approve, etc., and declare their intention to " make the said improvement." It is no answer to say the change made was small and did no harm to anyone. This would be to say that they need not follow the direction of the statute ; that they might disregard its requirements. Here was a statute with special provisions directing what steps should be taken and how they should be taken. If not followed the trustees were without jurisdiction. What might be done or omitted to be done in proceedings to lay out highways taken under the general statute, providing for the laying out of highways in towns, is of no moment here. The special law under which the trustees were authorized to proceed must be looked to and its requirements followed.

If the conclusions above reached be sound, the action of the trustees in laying out the street was without jurisdiction and void ; and it becomes unnecessary to examine other very serious questions involved in the case raised by the appellants' counsel. Some suggestions have been made by the respondent's counsel to the effect that the doctrine of estoppel should be applied to the appellants as to most if not all the objections urged by the latter as grounds of error, and for the reason that they now seek to gainsay their own action, or which is the same, the action of their predecessors in office. But a party can never be estopped from raising questions *going to* jurisdiction. This case is, however, peculiar in view of the right demanded, the right to a *mandamus* to compel the defendants to make an assessment and levy a tax, to be collected from persons and property liable to taxation in the village. Therefore, having in view the rights of those to be affected by the assessment, the relators must make a clear case as against them for the relief demanded ; and as was said in substance in one of the cases heretofore cited,

although the village should be deemed for a time to have been willing actors in the proceeding now sought to be enforced, it still has the right and is bound to take advantage of all want of authority both in its inception and progress. We are of the opinion that the judgment appealed from must be reversed.

Judgment reversed, new trial granted, costs to abide the event.

BOARDMAN, J., concurred.

LEARNED, P. J. — Concurring in the result of this opinion, I do not feel certain that the vote on the motion was not a resolution under the statute.

Judgment reversed, new trial granted, referee discharged, costs to abide event.