In the Matter of the Petition of ALFRED W. HEARN to vacate an Assessment.

Under the provision of the act of 1865 (§ 8, chap. 565, Laws of 1865), in reference to laying out and improving certain portions of the city and county of New York, which authorizes such portion, not exceeding one-half of the expense of an improvement made under the act, as the " commissioners of Central park may deem equitable and may determine," to be assessed upon the owners and occupants of lands benefited, and under the act of 1872 (Chap. 872, Laws of 1872), vesting in the commissioner of public works the power and discretion so theretofore vested in the commissioners of Central park, the jurisdiction of the board of supervisors to lay an assessment for the expense of an improvement, depended upon a prior apportionment by the commissioner of public works of the share of the expense to be charged upon the property benefited; that officer had no power to delegate to others the power so conferred.

Accordingly *held*, where the commissioner of public works simply certified that an improvement of the Boulevard had been completed and accepted the certificate stating the total cost, with these words added, " the apportionment of the assessment may be made," that this was not sufficient to authorize an assessment; and that one laid by the board of assessors although for less than half the cost was void.

Also *held*, that the invalidity was not cured by the provision of the act of 1872 (§ 7, chap. 582, Laws of 1872), as amended in 1874 (Chap. 313, Laws of 1874), declaring that an assessment for a local improvement shall not be vacated for any defect, omission or irregularity; as here was a total want of power.

(Argued June 18, 1884; decided June 27, 1884.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made March 7, 1884, which reversed an order of Special Term vacating an assessment, for improving the Boulevard in the city of New York, by planting trees thereon from Fifty-ninth to One Hundred and Fifty-fifth streets.

The material facts are stated in the opinion.

*Charles E. Miller* for appellant. No power exists to lay an assessment in the absence of a certificate of the commissioner of public works determining the amount thereof. (Laws of 1865,

chap. 565; Laws of 1872, chap. 872.) The act of 1872 (Chap. 580) does not apply to cases where total want of power to do the work or to assess therefor exists. (*In re Second Avenue Church,* 66 N. Y. 395; *In re Zborowski,* 68 id. 88; *In re Rhinelander,* id. 105; *In re Em. Ind. Savings B'k,* 75 id. 388; *In re Prot. Sp. School,* id. 324; *In re Walker,* id. 354; *In re Trustees, etc.,* 80 id. 642; *In re Robbins,* 82 id. 131.)

*D. J. Dean* for respondent. The planting of trees in the Boulevard is an improvement for which an assessment can be laid. (Laws of 1865, chap. 565; Laws of 1872, chap. 872; Laws of 1872, chap. 580, § 7, amended; Laws of 1874, chap. 313.) All legal requirements were observed in laying the assessment in question. (Laws of 1880, chap. 556, § 5; Laws of 1865, chap. 565.) The omission of the commissioner of public works to make the determination required by the act of 1865 (Chap. 565) would be at the most the omission of an officer to perform a duty imposed upon him, for which the assessment cannot be vacated. (Laws of 1872, chap. 582; Laws of 1874, chap. 313.)

ANDREWS, J. The jurisdiction of the board of supervisors to lay any assessment for the expense of the improvement of the Boulevard, depended upon a prior apportionment by the commissioner of public works of the share of the expense, not exceeding one-half, which should be charged upon the property benefited. The eighth section of chapter 565 of the Laws of 1865, under which the Boulevard was laid out and improved, declares that "such amount or portion of the expense of such regulating, grading and improvements as the said commissioners (of Central park) may deem equitable and may determine, not exceeding as to streets and roads more than one mile in length, one-half of such expense shall, and may be, assessed upon the owners and occupants of the lands, etc., benefited." By the act chapter 872 of the Laws of 1872, the powers vested in the commissioners of the Central park by the act of 1865, in respect to the improvement in question, were

transferred to, and vested in the department of public works, and thereafter the commissioner of public works was vested with the power and discretion of fixing the share of the expense of improving the Boulevard, which should be a local charge.

The assessment in this case was laid by the board of assessors in 1883. On April 27, 1880, the commissioner of public works certified in writing that the work for which the assessment was made had been completed and accepted by the department of public works; that the total cost was $29,-562.04, and added at the close of the certificate, "the apportionment of the assessment may be made." This was the only certificate made by the commissioner (except a certificate as to interest, not now material) prior to the assessment in question. The board of assessors thereupon assessed upon the property benefited by the improvement the sum of $14,438.28, a little less than one-half of the total cost as reported by the commissioner.

It seems very plain that the certificate of April 27, 1880, was not a compliance with the requirements of the eighth section of the act of 1865. It was in no sense a determination by the commissioner of public works of the equitable share of the expense to be assessed upon private property. It stated the total cost of the improvement, and it remitted to the board of assessors the question of apportionment. This duty the statute imposed upon the commissioner. It was his judgment and discretion which was to be exercised, and not that of the board. The statute did not contemplate in all cases an equal division of the expense of improvements under the act of 1865, as between the city at large and the owner of property benefited. It might in case of a Boulevard of unusual width, and improved at great cost, be inequitable to burden the adjacent property with so large a share of the expense. The assessment might be one-half, or a much less proportion, as the commissioner should deem equitable. The power conferred upon him was incapable of delegation, within well-settled principles. It would, we think, be a perversion to attribute to

the language at the close of the certificate the meaning that the commissioners had apportioned one-half of the expense upon the property owners.   A strained and unnatural construction of language is not usually indulged to justify the imposition of a tax.

It is claimed by the learned counsel for the corporation that if there was a want of authority in the board of assessors, it is cured by section 7 of chapter 582 of the Laws of 1872 as amended by chapter 313 of the Laws of 1874.   We cannot concur in this view.   There was a total want of power in the board of assessors to make any assessment in the absence of an apportionment by the commissioner of public works. This brings the case within our decision *In re Second Avenue Church* (66 N. Y. 395).

The order of the General Term should be reversed, and that of the Special Term affirmed.

All concur.

Ordered accordingly.