JEAN R. STEBBINS and JOHN C. WINSLOW, Respond-
ents, *v.* JAMES KAY, PATRICK R. GAINS and JOHN
GIVEN, Appellants.

*Legislative power, in the same act, to create a tax and apportion it on a district*
*of assessment established by it.*

By chapter 531 of 1873, as amended by chapter 264 of 1874, the legislature laid
out the Gravesend avenue, in the city of Brooklyn, and created a district of
assessment, which was to be determined after notice had been given to all per-
sons interested in the matter, and directed that the expense of the improvement
be placed upon the district of assessment, "estimated according to the owner-
ship per lineal foot on said avenue."

*Held*, that the legislature had power to lay the tax and to apportion it, in the law
which created the tax.

*Matter of Van Antwerp* (56 N. Y., 261) followed; *Stuart* v. *Palmer* (74 id., 183)
distinguished.

That, the apportionment having been made according to the legislative direction,
the omission of any statement to that effect in the certificate of the commis-
sioners was not important.

*Matter of Cameron* (50 N. Y., 502); *Matter of Hearn* (96 id., 378) distinguished.

A statement of the ordinary taxes, and of the amount due for the opening of the
Gravesend avenue, was annexed to a warrant issued to the collector of the town
of Gravesend.

*Held*, that the omission of the word "assessment" in the warrant was not material.

Appeal by the defendants from a judgment in favor of the
plaintiffs, recovered upon the trial of the action before the court
without a jury at the Kings County Circuit, which was entered in
the office of the clerk of Kings county on August 30, 1888. In this
action of ejectment, the plaintiffs claimed title under a deed to
them by the comptroller of the State of New York, given under a
tax sale made by him of the land in question. The sale was for the
total assessments levied under act chapter 531 of the Laws of
1873, as amended by act chapter 264 of the Laws of 1874, for the
opening and improving of Gravesend avenue.

*William J. Gaynor*, for the appellants.

*Welton C. Percy*, for the respondents.

Barnard, P. J. :

The legislature, by chapter 531, Laws of 1873, laid out the
Gravesend avenue. This act was amended by chapter 264, Laws

of 1874. A district of assessment was provided for upon notice to all persons interested, and proceedings were instituted to the end that the landowner should be paid for the land taken. (Sec. 12.) So far, the law seems to be without valid objection under the case of *Stuart* v. *Palmer* (74 N. Y., 183.) The Gravesend act then provides for the improvement of the avenue after the report upon the opening is confirmed, and directs that the expenses be apportioned upon the district of assessment, " estimated according to the ownership per lineal foot of frontage on said avenue." The act in question, in the case of *Stewart* v. *Palmer*, directed this expense to be assessed upon the owner, and no notice was provided for to the owner. In the act under consideration, the legislature apportions the tax per lineal foot. The sole question, then, under this section, is, whether the legislature could lay the tax and apportion it in the law which creates the tax. The legislature has this power. (*Matter of Van Antwerp*, 56 N. Y., 261.) There the act imposed two-thirds of the assessment upon a district of assessment. The case of *Stuart* v. *Palmer* disapproves of a tax arbitrarily imposed, " without reference to some system of just apportionment." The apportionment of the tax is part of the taxing power. (*People ex rel. Griffin* v. *Mayor*, 4 N. Y., 419; *Litchfield* v. *Vernon*, 41 id., 123; *Gordon* v. *Cornes*, 47 id., 608; *Genet* v. *City of Brooklyn*, 99 id., 296.) The court say, in this case, the legislature may itself fix a district of assessment, or the power may be delegated by the supreme legislative body to " other official agencies," as may also the incidentals of the taxing power, such as the apportionment and distribution of the tax as between the person and property on which it is laid. The assessment and apportionment of the tax upon the land equally per lineal foot was a valid legislative act, within the principle of the cases. The remaining objections are to the regularity of the proceedings. The case shows, and it is found, that the apportionment was according to the legislative directions. The omission of the statement of this fact from the certificate of the commissioners was unimportant. The assessment was not made by the commissioners, and, in this respect, the case is different from *In Matter of Cameron* (50 N. Y., 502), and *Matter of Hearn* (96 id., 378).

The warrant of the collector in 1874 was sufficient. The ordinary taxes and the amounts due for the opening of Gravesend avenue

were all annexed to the warrant. The omission of the word assessment was not material. An order to collect the tax annexed to the warrant would cover the assessment in question.

The judgment should, therefore, be affirmed, with costs.

DYKMAN, J., concurred; PRATT, J., dissented.

Judgment affirmed, with costs.