### *In re* CHESEBROUGH.

(*Supreme Court, General Term, First Department.* February 18, 1892.)

MUNICIPAL CORPORATIONS—SEWERS—ASSESSMENTS.

On a petition under Laws 1882, c. 410, (Consolidation Act,) § 905, which provides that in no event shall that proportion of any assessment which is equivalent to the fair value of any actual local improvement, with interest from the date of confirmation, be disturbed for any cause, the court has no power, except to reduce the assessment, when there has been an increase in the cost of the work through fraud or substantial error; and it cannot send the assessment back to the assessors for revision, or correct errors in the principle on which it is based.

Appeal from special term, New York county.

Petition by Robert A. Chesebrough to reduce an assessment for sewers in Eighth avenue, between 105th and 114th streets. Motion to reduce denied. Petitioner appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, J.

*Truman H. Baldwin,* for appellant. *William H. Clark,* (*G. L. Sterling,* of counsel,) for respondent.

VAN BRUNT, P. J. This proceeding was by petition under section 903 of the consolidation act,[1] to reduce the assessment to the extent that the same may be shown, by parties complaining thereof, to have been increased in dollars and cents by reason of fraud or substantial error. The assessment com-

---

[1] Laws 1882, c. 410.

plained of was laid for the building of a sewer at Eighth avenue from 105th to 110th streets. 'This sewer was built on the westerly corner of Eighth avenue; and the whole cost of that part of the sewer was assessed upon the private property alleged to have been benefited thereby, except the sum which was assesséd upon the Central park for the cost of the receiving basins on the easterly curb line.  It is complained upon the part of the appellant that the manner in which this assessment was laid was different from that which had previously obtained, and that there was a gross error of principle and misconception of benefit upon the part of the assessors in determining that the park should only pay for its receiving basins and culverts, but should pay no part of the cost of the sewer, without which these basins and culverts would be useless, and the drainage of which the sewers were built to accommodate.

It is conceded that there is no power to send the assessment back to the assessors for correction, and that the only relief which the court might grant is to reduce the assessment upon the petitioner's lots to the extent of the increase in dollars and cents on account of substantial error.  Whatever may be the hardships which arise to the appellant because of the inability to review and revise the action of the assessors, it seems to us that the statute confers upon this court no such power.  The section under which this proceeding is instituted provides that in no event shall that proportion of any such assessment which is equivalent to the fair value of any actual local improvement, with interest from the date of confirmation, be disturbed for any cause. Therefore, it would seem that it was the intention simply to give the court power to look into the question as to whether, by reason of fraud or substantial error, the whole cost of the work had been increased, and to afford relief to the extent in which it was shown the assessment had been so increased, in dollars and cents, above the fair value of the improvement, by such fraud or substantial error.  It does not seem, therefore, that the court has any jurisdiction, unless there is an increase in the cost of the work by fraud or substantial error.  Jurisdiction is not conferred even if, in the opinion of the court, an erroneous principle is adopted in the levying of the assessment. The court has no power to send back the assessment to the assessors for a rehearing.  Nor, in the levying of the assessment, can they substitute their judgment for that of the assessors.  The only power which they have is to reduce the assessment where the fair value of the work is below the sum assessed therefor, which excess has been produced by fraud or substantial error. This is recognized in *Re Protestant Episcopal Public School*, 75 N. Y. 324. It was there held that under the law as it then stood, where fraud or substantial error was committed in the manner of the levying of the assessment, the only power of the court was to vacate the assessment entirely, and that the court had no power to order back the assessment for a rehearing, with a view to reducing the petitioner's assessment, because there was no fixed sum or criterion for the court to act upon, and the court, in making such a reduction, would occupy the position of the assessors, and the assessment would be according to its judgment, instead of the judgment of the assessors; and, besides, that it would have no power to make assessments for the omitted parcels, and thus make a valid assessment for the improvement.  So, in the case at bar, there is no fixed sum or criterion for the court to act upon; and in view of the location of the sewer, and the function which it is to serve, this court cannot say what would be the judgment of the assessors in respect to the benefits conferred.  It was evidently in order to meet the exigencies which arose under the circumstances existing in the case cited that the provision of law hereinbefore referred to was enacted.  It is clear that in no event can an assessment which is equivalent to the fair value of the local improvement be disturbed for any cause.  This may work a hardship to the property owner, but it seems to be the law; and as the authority of the court to act in proceedings of this kind must be derived from the statute, and the

statute alone, unless such authority is found therein, no such power exists. The order should be affirmed, with $10 costs and disbursements.

PATTERSON, J. I concur on the ground that the only question involved is that of a redistribution on property assessed of the total amount of the assessment, and we have not the power to do that.