---

### In re OPENING OF WHITLOCK AVE.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. MUNICIPAL CORPORATIONS — OPENING STREETS—CHARTER — ASSESSMENT OF BENEFITS—REPORT OF COMMISSIONER—SUFFICIENCY.

Under Greater New York Charter, § 980 (Laws 1901, p. 411, c. 466), relating to opening streets, providing that in no case shall the commissioners assess property for more than half the value thereof, a report of the commissioners containing no statement as to the value of the lots as determined by the commissioners, except that it states that in no case does the assessment exceed "half the value of the lot assessed, as valued by us," is insufficient.

Van Brunt, P. J., and Hatch, J., dissenting.

Appeal from Special Term, New York County.

Proceedings to open Whitlock avenue from Hunt's Point Road to Westchester avenue. From an order confirming an assessment for benefits, certain property owners appeal. Reversed.

See 62 N. Y. Supp. 45.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Barclay E. V. McCarty, for appellants.

John P. Dunn, for respondents.

McLAUGHLIN, J.  Proceedings were instituted under the statute for the opening of Whitlock avenue from Hunt's Point Road to Westchester avenue, in the city of New York. In the supplemental report filed by the commissioners appointed therein, certain property owners were assessed for benefits by reason of such opening, and they have appealed from so much of the order of the Special Term as confirmed the report of the commissioners as to such assessment.

In pursuance of a stipulation between the appellants and the respondent, the only question to be determined upon the appeal is whether the report, in so far as appealed from, complies with that portion of section 980 of the Greater New York Charter (Laws 1901, p. 411, c. 466) which provides that in no case shall the commissioners "assess any house, lot, improved or unimproved lands more than one-half the value of such house, lot, improved or unimproved lands as valued by them." The supplemental report does not contain any statement as to the value of the lots determined by the commissioners, except that it does state that in no case does the assessment exceed "one-half the value of the lot assessed, as valued by us." This statement does not meet the requirements of the statute. At most, it is but the statement of a conclusion based upon facts as to which the report is silent. The commissioners have the power to impose an assessment upon a lot, not exceeding one-half its value, as fixed and determined by them. Matter of Robbins Avenue, 83 App. Div. 513, 82 N. Y. Supp. 417; Matter of Second Avenue M. E. Church, 66 N. Y. 395. In the Matter of Robbins Avenue, supra, this court, in reversing a report of the commissioners in a similar proceeding, said:

"The commissioners could not impose an assessment upon any of the lots until they had fixed and determined the value of such lots, and then such assessment could not exceed one-half of their valuation. In order to justify an assessment under this section, it is necessary that the report of the commissioners should show that the assessment is not more than one-half the value of the lot, and this cannot be done unless the report shows that the commissioners have determined the value of the lot assessed."

The Court of Appeals, also, in construing a similar statute (Matter of Second Avenue M. E. Church, supra), said that an assessment might be imposed up to one-half the value placed upon the property, but to justify the assessment the city must show, when its act was questioned, that it had kept within that limit, and that it could not show without showing what was the value fixed by the assessing officers. See, also, Matter of Cram, 69 N. Y. 452.

The commissioners, of course, could not impose an assessment in

excess of one-half the value of the lot as determined by them; and, whenever their act in making an assessment is brought under review, it can only be sustained by showing that they have complied with the statute, and such compliance cannot be shown unless there is some statement in their report from which the value as fixed by them can be ascertained. In other words, their report must show the value of the lots upon which an assessment for benefits is imposed. The clerical effort of inserting such value in a report imposes no hardship upon the city, is eminently fair to both it and the property owners, and, besides, enables the court to determine with at least some degree of accuracy whether the statute has been complied with, which cannot be done from a mere statement that the commissioners have complied with the statute, in that they have not exceeded in their "assessment for benefit one-half the value of the lot assessed."

We are of the opinion that the order, in so far as appealed from, should be reversed, with $10 costs and disbursements, and the matter sent back to the commissioners for further consideration.

O'BRIEN, J., concurs.

INGRAHAM, J. (concurring). I concur with Mr. Justice McLAUGHLIN, but I also think that it does not specifically appear by the report of the commissioners that they have valued each lot upon which they have imposed an assessment. They say:

"We further report that in no case have we exceeded, in our assessment for benefit, one-half of the value of the lots assessed, as valued by us."

There is no statement that they have fixed the value of the lots upon which the assessment has been imposed, and, in compliance with this provision, this should not be left to inference. I do not understand that the commissioners are required to take evidence as to the value of the lots or parcels of land which are assessed for benefit. They are required to value each lot, and are then authorized to impose an assessment for the proportion of the total expense of the improvement, not to exceed one-half of the amount of such value; but, before imposing any assessment, they are required to value the lot upon which they intend to impose an assessment, and I agree that the amount that they fix as the value of each separate lot or parcel should appear in the report.

VAN BRUNT, P. J. I dissent. I think that the commissioners have clearly complied with the law, and that their report shows that they valued each lot assessed, and that such valuation was at least twice the amount assessed upon the lot by them. This clearly shows that they had valued each lot as required by law.

HATCH, J., concurs.