In the Matter of the Application of JOSEPH CONNERY for an
Order of Mandamus against J. IRVING SEWELL, as Sheriff of
Rensselaer County, Respondent.

*Supreme Court, Rensselaer County, January, 1926.*

**Civil service — exempt position — petitioner, honorably discharged soldier,
court officer of Rensselaer county, appointed under Laws of 1915,
chap. 77, exempt from civil service regulations — sheriff has power to
remove petitioner at will — petitioner not protected by Civil Service
Law, § 22.**

Petitioner, a court officer, appointed by the sheriff of Rensselaer county pursuant
to chapter 77 of the Laws of 1915, is exempt from civil service regulations,
may be removed at will as provided in said act, and is not protected by section
22 of the Civil Service Law on the ground that he is an honorably discharged
soldier of the Spanish-American war.

MOTION for a mandamus order.

*Mackrell & Ranney* [*Charles Ranney* of counsel], for the petitioner.

*Herbert F. Roy,* for the respondent.

NICHOLS, J.   George A. Gordinier, sheriff of Rensselaer county,
died in office September 28, 1925.   On September 30, 1925, Governor
Smith appointed John F. Cahill as sheriff to fill the vacancy.   On
October 5, 1925, Sheriff Cahill duly appointed the petitioner to
a position provided for in and by chapter 77 of the Laws of 1915,
which position is therein termed " court officer."   The petitioner,
Connery, on the same day duly took the constitutional oath of
office and filed the same in the Rensselaer county clerk's office.
The respondent, J. Irving Sewell, was duly elected as sheriff of
said county at the election held in November, 1925, and took
office January 1, 1926.

The appointment of the petitioner was duly certified by the State
Civil Service Commission and under such certification the peti-
tioner received compensation from the treasurer of Rensselaer
county.

The petitioner is an honorably discharged soldier of the Spanish-
American war and claims that he was protected against removal by
the provisions of section 22 of the Civil Service Law (as amd. by
Laws of 1924, chap. 612), he having given notice to the sheriff-
elect before he took the position, and again to Sheriff Sewell
before Sheriff Sewell took office and again after Sheriff Sewell
took office, demanding reinstatement as such court officer, Sheriff
Sewell having appointed another person to fill that position on

the 1st day of January, 1926; then upon the petitioner's presenting himself to the sheriff for duty after January 1, 1926, the petitioner was informed that he, said sheriff, had a full quota of court officers and had no work for the petitioner to do. The petitioner was not removed from the position upon notice and after a hearing or on stated charges; nor was he removed for incompetency or misconduct shown upon a hearing after notice and on stated charges. The question here presented is, Was the position filled by the petitioner exempt under the provisions of the Civil Service Law?

Under the provisions of section 182 of the County Law, a sheriff may appoint as many deputies as he may deem proper, not exceeding one for every 3,000 inhabitants of the county. As will be seen later, the number appointed by the sheriff under the provisions of chapter 77 of the Laws of 1915, which was a special act applicable to the county of Rensselaer and was a limitation upon section 182 of the County Law, did not equal one for every 3,000 inhabitants, as the population of Rensselaer county was much in excess of 100,000. As this special act was in derogation of the common law in limiting the power of the sheriff, it must be strictly construed. Such act provides that the sheriff of Rensselaer county may appoint and at pleasure remove an under-sheriff, a cook, an assistant cook, two janitors, three firemen, three process servers, one matron, eight court officers, a jailer, an assistant jailer and one night watchman at various salaries therein provided. It further provides: " Such jailer, assistant jailer and night watchman shall also be deputies, and such janitors and firemen shall also be process servers." And then further provides: " Such court officers shall perform all the duties of court attendants and also when not actively engaged in the performance of their regular duties shall perform such other services under the direction of the sheriff as he may require. Such process servers shall perform their duties under the direction of the sheriff. Such cooks, janitors, firemen, matron, jailers and watchman shall under the direction of the sheriff perform their duties in and about the county jail."

Except for the provision that the jailer, assistant jailer and night watchman shall also be deputies, the word, " deputy," is not used in the act.

This act (Laws of 1915, chap. 77), under the rule of construction stated in section 130 of Statutes and Statutory Construction (McKinney's Consolidated Laws of New York, book 1), undoubtedly limited the power of the sheriff to appoint deputies to the three classes of positions named in said act, namely, deputies, process servers and court officers. As was said in *Matter of Second Avenue M. E. Church* (66 N. Y. 395, 399): " A proviso in a grant

or enactment is something taken back from the power first declared. The grant or enactment is to be read, not as if the larger power was ever given, but as if no more was ever given than is contained within the terms or bounds of the proviso."

The maxim " *Expressio unius est exclusio alterius* " will not be permitted to defeat the obvious legislative intent where it conflicts with the letter of the statute. Such intent must nevertheless be discernible in the context of the statute itself. (*Matter of Engel,* 155 App. Div. 467, 469.)

The act under which these officers were appointed provides that the salaries of such appointees shall be paid monthly and be a county charge and be paid in the same manner as salaries of other county officers.

As this act, under the rule of construction above stated, limits the number named as deputies to three in a county where the sheriff was entitled under the general act to appoint more than thirty-three, the legislative intent must have been that the janitors and firemen (six more) shall also be process servers who also exercise the duties of deputy sheriffs and must have been deputies; and furthermore, the eight court officers who performed the duties of court attendants which are duties performed by deputy sheriffs and constables, and also when not actively engaged in the performance of their regular duties shall perform such other services under the direction of the sheriff as he may require; as they were paid by the county and not by the sheriff personally, these must have been duties pertaining to the office of the sheriff. The sheriff could require these employees to perform any duties pertaining to the office of the sheriff which were ministerial in their nature. These would include duties of process servers or any functions of the sheriff except those of a judicial character. (35 Cyc. 1529.) And these duties applied to both civil and criminal matters, and, hence, these appointments are exempt from the civil service regulations. (*Matter of Flaherty* v. *Milliken,* 193 N. Y. 564; approved and reaffd., *Matter of Grifenhagen* v. *Ordway,* 218 id. 451.)

Measured by these standards, the application of the petitioner must be denied, with ten dollars costs.