In the Matter of the Application of FRANK E. BATES, on Behalf of Himself and Others Similarly Situated, Petitioner, for an Order of Mandamus against FRANK J. OFFERMAN, as Sheriff of the County of Erie, Respondent.

Supreme Court, Erie County, May 29, 1933.

*John L. Kelly*, for the petitioner.

*George L. Grobe* [*Kevin Killeen* of counsel], for the respondent.

HARRIS, J. On behalf of himself and others similarly situated as stated in his petition (these others being some twenty in number), the petitioner herein applies for a peremptory order of mandamus directed to Frank J. Offerman, as sheriff of the county of Erie, and ordering the said respondent to reinstate the petitioner and others named to the positions of deputy sheriffs held by them prior to January 1, 1933, and to certify a payroll containing the names of such twenty-one persons. The petitioner and those claimed by him to be similarly situated and named by him in his petition were appointed by Charles A. Freiberg, then sheriff of Erie county, during his term of office, which included the years 1930, 1931 and 1932. On the expiration of the term of office of Mr. Freiberg as sheriff the respondent herein became sheriff of Erie county and appointed others to the positions theretofore held by the petitioner and those associated with him as similarly situated

in this proceeding. In making such new appointments the respondent followed the time-honored custom of changing the employees of the office of sheriff of Erie county when the incumbent of such office changed.

The claim of the petitioner on behalf of himself and the others is that they should not have been replaced in their positions, because some of them were war veterans and others were volunteer firemen, and that in view of such service in the war or as firemen they were protected from removal by virtue of the provisions of section 22 of the Civil Service Law. The State Civil Service Law was adopted and exists in pursuance to the provisions of section 6 of article 5 of the Constitution of the State of New York. Such section 22 reads as follows:

" § 22. Power of removal limited. Every person whose rights may be in any way prejudiced contrary to any of the provisions of this section shall be entitled to a writ of mandamus to remedy the wrong.

" 1. Removal of veterans and volunteer firemen. No person holding a position by appointment or employment in the state of New York or in the several cities, counties, towns or villages thereof who is an honorably discharged soldier, sailor or marine, having served as such in the union army or navy of the United States during the war of the rebellion, or who is an honorably discharged soldier, sailor or marine, having served as such in the army or navy of the United States during the late war with Spain, or during the incidental insurrection in the Philippines prior to July fourth, nineteen hundred and two, or in the world war, or who shall have served the term required by law in the volunteer fire department of any city, town or village in the state, or who shall have been a member thereof at the time of the disbandment of such volunteer fire department shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to a review by writ of certiorari. If the position so held by any such honorably discharged soldier, sailor or marine or volunteer fireman shall become unnecessary or be abolished for reasons of economy or otherwise, the said honorably discharged soldier, sailor or marine or volunteer fireman holding the same shall not be discharged from the public service but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor, and it is hereby made the duty of all persons clothed with power of appointment to make such transfer effective. The burden of

proving incompetency or misconduct shall be upon the person alleging the same. Hearings upon charges pursuant to this subdivision shall be held by the officer or body having the power to remove the person charged with incompetency or misconduct or by a deputy or other employee of such officer or body designated in writing for that purpose. In case a deputy or other employee is so designated, he shall, for the purpose of such hearing, be vested with all the powers of such officer or body, and shall make a record of such hearing which shall, with his recommendations, be referred to such officer or body for review and decision."

The papers presented on this application show that the petitioner and those associated with him had had the service described in such section 22 of the Civil Service Law and that in effect they had been removed due to the fact that the respondent herein had named other employees in the places of them. The duties performed by the petitioner and those associated with him are described variously so far as the individuals are concerned. It is claimed, however, by the petitioner and those named with him that each one was named as and occupied the position of deputy sheriff. Their duties varied, some being road patrolmen, some being court officers, some being jail attendants and some being clerical assistants. There can be no doubt that, as deputy sheriffs, they were subject to the order of the sheriff to undertake any duty, civil or criminal, and, therefore, should be regarded as employees of the sheriff and his representatives and not as employees of the county. This being so, the petitioner and those associated with him cannot claim the protection afforded by section 22 of the Civil Service Law. Such protection is extended to and covers only those persons holding positions by appointment or employment in the State of New York or in the several cities, counties, towns or villages thereof. The law of this State is that persons who are deputy sheriffs and subject in any way to be called upon by the sheriff to perform any of the civil duties of his office are appointees of the sheriff and not of the State or of any political subdivision thereof. (*Matter of Grifenhagen* v. *Ordway*, 218 N. Y. 451; *Matter of Flaherty* v. *Milliken*, 193 id. 564; *Matter of Connery* v. *Sewell*, 126 Misc. 418.)

The papers herein further show that the petitioner and those on whose behalf he is acting accepted their appointments and their pay on the theory that they were not under civil service rules or were not county employees but were employees of the sheriff. Every payroll under which they received their compensation contained the following statement: " The certificate of the State Civil Service Commission is placed upon this payroll pursuant to

the provisions of the Civil Service Law, and the decision of the Court of Appeals in the case of *Flaherty* v. *Milliken et al.*, Civil Service Commissioners of the State of New York.

"............................
            "*Payroll Auditor.*"

This fact itself would be sufficient to compel an order denying the petition herein. Certainly, having accepted appointments and pay under the theory of not being covered by the civil service laws, the petitioner and his associates herein cannot now claim the protection of permanency of position under such laws.

There being no presentation of facts entitling the petitioner and his associates to an order of peremptory mandamus or an order of alternative mandamus, the prayer of the petitioner herein is denied and the petition herein is dismissed on the merits.