Joseph A. Suozzi, J.
Motion for summary judgment in favor of the plaintiffs is denied; summary judgment is granted in favor of the defendants dismissing the complaint, as authorized by CPLR 3212, subd. (b), even though there be no cross motion for such relief.
The plaintiffs, as taxpayers of the County of Suffolk, pray for a judgment affecting the status of the employees in the Sheriff’s office. It is their contention that the Sheriff and the employees of his office are county employees, and that section 6 of article V of the New York State Constitution is being violated by the failure to appoint or promote the employees of the office of the Sheriff after their merit and fitness are ascertained by competitive examination. In the papers submitted on this *585 motion it is revealed that all of the employees of the office of the Sheriff of Suffolk County perform work connected with the civil matters in that office.
The very question presented here was passed upon by the Court of Appeals in Matter of Flaherty v. Milliken (193 N. Y. 564, 565 [1908]). There, the Sheriff of Kings County sought to compel (by mandamus) the State Civil Service Commissioner “ to certify to the payroll of certain assistant deputy sheriffs, jail keepers, van drivers and matrons in his office.” After a discussion of the office of Sheriff, of his duties and responsibilities and of the duties and responsibilities of the employees of his office it was concluded that all those employees (p. 569) “ whose duty relates exclusively to the functions of the sheriff’s office in criminal matters should be considered in the service of the public and not of the sheriff personally, and are subject to the civil service regulations.” But where the duties of the employees (p. 570) “ relate to both civil and criminal prisoners ” and “ there is no separation of the duties, we think those subordinates must also be held exempt from the civil service regulations ’ ’, the reason being that while engaged in work relating to civil process the employees are not in the service of the county but in the service of the Sheriff, making inapplicable section 9 of article Y of the Constitution (now art. Y, § 6) which applies only to positions in the civil service of the State and all of the civil divisions of the State, including cities and villages.
On the basis of the holding of this case, admittedly adverse to the plaintiffs, the court would have no alternative but to dismiss the complaint herein. In bringing this action, and in fact by the actual request of the plaintiffs’ counsel, this court is being asked to reverse the long-standing rule of our Court of Appeals. Before this lower court should or could consider a ruling contrary to that of the Court of Appeals, it would have to be convinced that the Court of Appeals would itself reverse this ruling if confronted anew with this question. In Matter of Griffenhagen v. Ordway (218 N. Y. 451), in which the view expressed in the Flaherty case (supra) was upheld, the Court of Appeals indicated the circumstances under which it would consider reversing itself. The court stated (p. 458): “ We should not undermine the law by reversing a decision of this court unless it has been demonstrated to be erroneous through the failure by us to consider a statute, prior decision, material fact or other substantial feature, or unless through changed conditions it has become obviously harmful or detrimental to society — a condition the legislature will very rarely suffer to exist * * * If the court was wrong in the Flaherty case, the way is open for *586 such an amendment of the Civil Service Law or for such statute as the legislature may, in its discretion, deem proper.”
More recently, the Flaherty case was cited in Enstrom v. City of New York (258 App. Div. 672, 676) wherein it was written: "By reason of this independent status of the sheriff, it has been held that all his employees whose duties include civil matters are in the employ of the sheriff personally, are his agents, and are not in the employ of any political subdivision of the State. Hence, such employees of the sheriff are not subject to the regulations of the Civil Service Law or of the Civil Service Commission.” (To the same effect are Matter of Nerling v. Walsh, 245 App. Div. 796 and Matter of Fuller v. Walsh, 245 App. Div. 797.)
On the basis of this judicial history, it cannot be said that any of the circumstances or conditions under which this lower court could consider a view inconsistent with or contrary to that of the Court of Appeals have been demonstrated. Therefore this court must hold that the employees of the Sheriff’s office of the County of Suffolk are not subject to the requirements of section 6 of article V of the Constitution.
As the court is dismissing the complaint on the merits, it is unnecessary to pass upon the propriety of a taxpayers’ action under section 51 of the G-eneral Municipal Law for the relief requested. It would appear, however, that the plaintiffs ’ remedy was a mandamus proceeding rather than a taxpayers’ action (Slavin v. McGuire, 205 N. Y. 84; Matter of Policemen's Benevolent Assn. of Westchester County v. Board of Trustees of the Vil. of Croton-on-Hudson, 21 A D 2d 693).