George L. Cobb, J.
In this article 78 proceeding the petitioners, the County of Ulster and the Ulster County Sheriff, seek judgment annulling a decision and order of the Public Employment Relations Board dated January 26, 1970 which determined that, for the purposes of the Public Employees’ Fair Employment Act (Civil Service Law, §§ 200-212) commonly known as the Taylor Law, the Deputy Sheriffs serving in Ulster County are public employees and the county and the Sheriff are their joint employers. The decision and order which are being reviewed established a unit of Deputy Sheriffs for the purpose of representation and collective negotiation under the Taylor Law and directed that an election be held for the selection of a representative organization for such unit. The proceeding has been brought on by an order to show cause which stayed the Public Employment Relations Board from conducting the election pending a determination herein.
The decision and order of the Public Employment Relations Board under review affirmed by a 2 to 1 vote a decision of its Director of Public Employment Practices and Representation rendered on November 7, 1969 after a hearing held on July 15, 1969 before a trial examiner designated by the Public Employment Relations Board, the hearing having been held after there had been filed with the Public Employment Relations Board by the OSEA Unit of the Ulster County Sheriff’s Department, Ulster County OSEA Chapter, a petition for certification as the exclusive negotiating representative of all Deputy Sheriffs employed in Ulster County.
The dissenting member of the Public Employment Relations Board, Joseph R. Crowley, agrees with the majority of the members of the board that the Deputy Sheriffs are public employees and that a unit of Deputy Sheriffs is an appropriate one. He dissents, however, from the conclusion that the County of Ulster and the Sheriff are joint employers of the Deputy Sheriffs and concludes that the Sheriff alone is the public employer.
It is alleged in the petition that the determination of the Public Employment Relations Board constitutes an error of law for the reason that it is contrary to the case law of the State of New York and in violation of the New York 'State Constitution (art. XIII, § 13, subd. [a]) which provides that the county “ shall never be made responsible for the acts of the sheriff ”. The petitioners argue that the 'Sheriff is not a public employer and that the Deputy Sheriffs are his personal appointees rather than public employees.
*801 Respondents, the Public Employment Relations Board and the CSEA Unit of the Ulster County Sheriff’s Department, Ulster County CSEA Chapter, have filed answers to the petition in which they allege that the determination complained of is neither arbitrary nor capricious and is founded upon a reasonable basis in law, and they ask for judgment dismissing the petition.
By consent and with the permission of the court, the New York State Sheriffs’ Association has appeared herein amicus curiae, and has submitted a memorandum to the court in support of the petitioners’ position.
As defined by subdivision 8 of section 201 of the Civil Service Law, the term “ public employee ” means: “ any person holding a position by appointment or employment in the service of a public employer ”, and, under subdivision 7 of section 201, the term “public employer” means: “ (a) the state of New York, (b) a county, city, town, village or any other political subdivision or civil division of the state, (c) a school district or any governmental entity operating a public school, college or university, (d) a public improvement or special district, (e) a public authority, commission, or public benefit corporation, or (f) any other public corporation, agency or instrumentality or unit of government which exercises governmental powers under the laws of the state.”
The Sheriff is an elected constitutional officer and can be removed only by the Governor (N. Y. Const., art. XIII, § 13, subd. [a]). He is a part of the judicial system of the State and has been described as “an arm of the court ’ ’ (Enstrom v. City of New York, 258 App. Div. 672, 675). He is an officer of the court and conservator of the peace within the county (County Law, § 650). In the performance of his duties he exercises police powers (Commisso v. Meeker, 8 N Y 2d 109, 122; Pearce v. Stephens, 18 App. Div. 101, 104-105, affd. 153 N. Y. 673). In his execution of police powers the Sheriff is an instrumentality or unit of government exercising governmental powers (see 16 Am. Jur. 2d, Constitutional Law, § 263) under the laws of the State, and he is, therefore, a public employer within the meaning of subdivision 7 of section 201 of the Civil Service Law. The Deputy Sheriffs, who are persons holding positions by appointment of the Sheriff (County Law, § 652, subd. 2) are public employees under subdivision 8 of section 201 of the Civil Service Law.
The decision of the Director of Public Employment Practices and Representation dated November 7, 1969 based on the record of the hearing of July 15, 1969 before the trial examiner, finds, *802 with reference to the Deputy Sheriffs serving in Ulster County, at pages 3 and 4: “ The deputy sheriffs have both civil and criminal responsibilities. They may serve civil process, issue executions, collect judgments, conduct criminal investigations, enforce traffic regulations, and act as custodians of the jail.
‘ ‘ The County provides all the funds necessary for the operation of the Sheriff’s office, and thus maintains control over all economic terms and conditions of the employment of the deputy sheriffs. Accordingly, the salaries of the deputy sheriffs are fixed by the County Board of Trustees and are paid from County funds. In contrast, non-economic terms and conditions of employment, such as work assignments, work schedules, time off, overtime, holiday and vacation schedules, and working rules, are determined by the Sheriff.”
The respondent Public Employment Relations Board contends in its brief that the county is a joint employer with the Sheriff of the Deputy Sheriffs for the reason that “ (t)he county controls all economic terms and conditions of employment of the deputy sheriffs and is therefore a necessary party in effectuating the purpose of the Taylor Law ‘ to promote harmonious and cooperative relationships between government and its employees ’ (§ 200) by ‘ negotiating collectively in the determination of * * * terms and conditions of employment ’ (§ 204.1) which are defined as including salaries and wages (§ 201.5) ”.
However, a determination that the Deputy 'Sheriffs are in the employ of the county, or that the county and the 'Sheriff are their joint employers, is contrary to long-standing case law in this State. Our existing case law with respect to the relationship between the Sheriff and his deputies is based on the traditional status of the Sheriff as an independent public officer, which status he retains today. It has consistently been held that Deputy Sheriffs who perform duties relating to civil matters (as do the Deputy 'Sheriffs of Ulster County) are in the employ of the Sheriff personally and are not in the employ of any political subdivision of the State. (Matter of Grifenhagen v. Ordway, 218 N. Y. 451; Matter of Flaherty v. Milliken, 193 N. Y. 564; Isereau v. Stone, 3 A D 2d 243; Enstrom v. City of New York, 258 App. Div. 672; De Iorio v. County of Suffolk, 48 Misc 2d 584; Bates v. Offerman, 147 Misc. 800.) In Matter of Grifenhagen v. Ordway (supra, p. 454), which affirmed the holding in Matter of Flaherty v. Milliken (supra), the court stated: ‘1 The principle from which the decision in the Flaherty case sprang was that the appointees were, insofar as they participated in the duties of the sheriff relating to civil functions, in *803 the service of the sheriff personally; that the relation between him and those who served him in such duties was that of master and servant or principal and agent.”
Moreover, the fact that the salaries of the Deputy Sheriffs are fixed and paid by the county is not determinative of the issue of whether an employer-employee relationship exists between the county and the Deputy Sheriffs. (Enstrom v. City of New York, supra, p. 677.) The Sheriff appoints his deputies and they serve at his pleasure (County Law, § 652, subd. 2) and, as found in the record, he has exclusive control over their work. The absence of control by the county over the work of the Deputy Sheriffs precludes a finding that the county is an employer of the Deputy Sheriffs. (Matter of Hardy v. Murphy, 29 A D 2d 1038; People ex rel. Feinberg v. Chapman, 274 App. Div. 715; County of Erie v. Board of Trustees of Buffalo & Erie County Public Lib., 62 Misc 2d 396.)
While the purposes of the Taylor Law may be better served by a determination that the county is a joint employer of the Deputy Sheriffs, such a determination does not have warrant in the record and a reasonable basis in law (see Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104) and must be annulled.
The court concludes that the Deputy Sheriffs serving in Ulster County are public employees and that the Ulster County Sheriff is their sole public employer. Insofar as it determines that the County of Ulster is a joint employer of the Deputy Sheriffs, the decision and order of the Public Employment Relations Board is hereby annulled.