OPINION OF THE COURT
Robert H. Wagner, J.
This is a motion, pursuant to CPLR 7804 (subd [f]) by the respondents, Yates County Sheriff, George F. Spike, and the County of Yates, to dismiss an article 78 proceeding brought by the petitioner, Gene M. Mitchell.
The petitioner, Gene Mitchell, was appointed as a Deputy sheriff on April 14, 1973. On December 27, 1976 he was orally notified by the respondent Sheriff that he would be terminated as of December 31, 1976 due to a budget cut promulgated by the County of Yates. After receiving the notification of termination, the petitioner filed a grievance which the Yates County Legislative Committee refused to accept. A subsequent request for a hearing was rejected by the Yates County Legislature.
 The petitioner then filed this article 78 proceeding against the Sheriff and the Yates County Legislature. He alleges that he was discharged by the Sheriff because the Sheriff mistakenly believed he had supported another candidate for the Sheriffs office. The petitioner also charges he was discharged without consideration of his seniority rights and without proper, written notice. He characterizes these acts by the Sheriff as unreasonable, arbitrary and capricious. In addition, he argues that the County Legislature wrongfully refused to grant him a hearing as provided for in the grievance procedure contained in the collective bargaining agreement.
The petitioner seeks reinstatement with back pay, or alternatively, an order compelling the Legislature to follow the grievance procedure compelling a hearing on the termination by the County Grievance Committee.
The ground asserted by the respondents for dismissal of the petition is that, as a matter of law, it fails to state facts sufficient to entitle the petitioner to the relief sought. The *726 motion under CPLR 7804 (subd [f]) is available where the only dispute is not of fact but of law. (Mapes v Swezey, 278 App Div 959.) In such circumstances, the facts alleged in the petition must be treated as true, and should be considered in their most favorable light in support of the petition (Semple v Miller, 38 AD2d 174; Matter of Board of Educ. v Allen, 32 AD2d 985).
In passing, I note that the failure to originally verify the petition (CPLR 7804, subd [e]) constituted a technical irregularity. Since the respondents have not been prejudiced in any way and the defect has been corrected, I will proceed to the merits of the controversy. (See, generally, Matter of Sardino v Finch, 35 AD2d 686.)
The Taylor Law (Civil Service Law, § 200 et. seq.) provides that public employees may join employee organizations and negotiate and execute employment agreements with their employers. Under the Taylor Law, public employers must negotiate the terms and conditions of employment with qualified employee organizations in good faith (Civil Service Law, § 204). Both the county and the Sheriff have been held to be public employers and the Deputy Sheriff a public employee, thus giving these parties the power to bargain collectively. (Matter of County of Ulster v CSEA Unit of Ulster County Sheriff’s Dept, 37 AD2d 437.)
The Court of Appeals (Matter of Board of Educ. v Yonkers Federation of Teachers, 40 NY2d 268) recently had occasion to consider the validity of a collective bargaining provision under the Taylor Law. In Yonkers (supra, p 272) the board of education and the teachers’ union entered into a collective agreement which provided: " 'During the life of this contract no person in this bargaining unit shall be terminated due to budgetary reasons or abolition of programs but only for unsatisfactory job performance as provided for under the Tenure Law.’ ”
Faced with budget cuts, the board of education laid off about 50 employees, including a number of teachers. The teachers filed a grievance which was denied and then demanded arbitration. The board then sought a stay of arbitration.
The Court of Appeals, in denying the board’s motion for stay of arbitration, noted that a distinction has been drawn between terms or conditions of employment which are subject to mandatory collective bargaining under the Taylor Law, and matters which, although not subject to mandatory bargaining, *727 may voluntarily be included within a collective bargaining agreement. (40 NY2d 274, and cases cited therein.) The court stated (p 273) that public employer’s power to voluntarily agree to a collective bargaining provision is limited to the extent there is no statute or controlling decisional law or restictive public policy prohibiting such agreement. (See Matter of Burke v Bowen, 40 NY2d 264.)
Thus, while a provision dealing with the abolition of a position for economic reasons is not a mandatory term or condition of employment for collective bargaining, it may voluntarily be included in the agreement.
Here, the collective bargaining agreement entered into by the Yates County Legislature, the Yates County Sheriff’s Department and the petitioner was for the period January 1, 1976 through December 31, 1977. Although not named a third party to the contract, the Sheriff signed the agreement. The petitioner argues that he was discharged without cause in violation of article 4 of the agreement which states: "The operation of the Yates County Sheriff’s Department and the direction of the working employees are, subject to the terms of this contract, solely vested in the County and its officers. This includes but is not limited to the establishment of policy, working schedules, the right to hire, promote, suspend or discharge for cause employees, and to transfer employees from one duty to another.” (Emphasis added.) The provision is silent as to termination for reasons other than cause.
Unlike the agreement in Yonkers (supra), the Yates County contract does not contain a specific "job security” provision. Rather, the agreement provides that where discharge of Deputy Sheriffs be for cause, certain rights are protected by a grievance procedure. The agreement does not contain any provision showing that termination due to a budget cut would be a grievable matter.
By constitutional provision (NY Const, art XIII, § 13, subd [a]) the Sheriff and not the county is personally liable for the acts of his deputies in performing civil functions (Matter of Sirles v Cordary, 49 AD2d 330, affd 40 NY2d 950). The Sheriff has authority (County Law, § 652, subd 2) to appoint as many regular Deputy Sheriffs as he deems proper "[w]ithin the limits of the appropriation”. The Sheriff’s authority also encompasses the power to fire. (See, generally, Matter of Reese v Lombard, 47 AD2d 327; Amico v Erie County Legislature, 36 AD2d 415, affd 30 NY2d 729.)
*728 Thus, setting aside for the moment the allegation of bad faith on the part of the Sheriff, it is clear that the termination of the petitioner due to a budget cut was lawful and not a grievable matter.
The petitioner, in opposing the Sheriff’s termination of his position, contends that he was discharged because the Sheriff mistakenly believed he supported another candidate for the Sheriff’s position. Granting the truth of every statement of fact in the petition, nevertheless, as a matter of law, the petitioner has not shown that his termination was due to political motivation. Here the petitioner alleges that the Sheriff confronted him with accusations and purported letters. What these letters contained or what these accusations were are not shown. Mere allegations of bad faith which are not supported by facts are not sufficient. (See, generally, Matter of Colligan v Williams; 91 Misc 128.)
The petitioner’s contention that he was entitled to seniority rights is also without merit. It is admitted that no seniority agreement existed. However, the petitioner argues that by subdivision (2) of article 5 of the collective bargaining agreement the county intended to use the Civil Service Law as a guideline. This provision states: "the agreement existing between the parties shall be governed by the regulations, ordinances and local laws of the County of Yates not inconsistent with the Civil Service Law of New York.” Under this guideline, the petitioner asserts seniority is a significant factor in considering any changes made in an employee’s working conditions. The petitioner asserts he is entitled to the procedures of the Civil Service Law.
Employees of the Sheriff performing civil functions or both civil and criminal functions are held to be exempt from the civil service not because they are "deputies” within the meaning of section 41 (subd 1, par [b]) of the Civil Service Law but because they hold a position confidential to the Sheriff and are his personal agents (Amico v Erie County Legislature, 36 AD2d 415, affd 30 NY2d 729, supra; see, also, Matter of Flaherty v Milliken, 193 NY 564; De lorio v County of Suffolk, 48 Misc 2d 584).
While I am aware that the Court of Appeals has held that a county may adopt a law which places Deputy Sheriffs into the classified civil service (see Amico v Erie County Legislature, supra; McMahon v Michaelian, 38 AD2d 60, affd 30 NY2d 507), there has been no such showing here. Nor do I think the *729 agreement intends the procedures of section 75 of the Civil Service Law to apply before a Deputy Sheriff could be terminated. (See Matter of Sirles v Cordary, 49 AD2d 330, affd 40 NY2d 950, supra.)
Therefore, the petitioner has not shown that he was entitled to any seniority rights and his discharge for economic reasons cannot be said to be arbitrary, capricious or an abuse of discretion.
Finally, I note that there is no provision in the collective bargaining agreement requiring written notification of termination. Assuming, arguendo, that written notification should have been given, the petitioner was fully cognizant of the planned termination and subsequently received written notification. Thus, he was not prejudiced in any manner.
The termination of the petitioner for economic reasons being lawful and not a grievable matter under the collective bargaining agreement, the respondents’ motion to dismiss the petitioner’s article 78 proceeding is granted.