OPINION OF THE COURT
Lawrence E. Kahn, J.
This CPLR article 78 proceeding seeks an order prohibiting the respondent, New York State Temporary Commission on Regulation of Lobbying from exercising jurisdiction over the petitioners by requiring them to comply with the registration and reporting requirements of the Regulation of Lobbying Act (L 1977, ch 937). Further, they seek an order annulling the determination of the commission that petitioners are subject to the requirements of said act.
By correspondence dated June 30, 1980, respondents advised petitioners that they were subject to the registration and reporting requirements of the act. Thereafter, this proceeding was instituted on July 29, 1980 seeking the relief set forth above. Without answering, the respondents *546 have moved for dismissal of the petition for failure to state a cause of action pursuant to CPLR 3211 and CPLR 7804 (subd [f]). “Such a motion is tantamount to a demurrer, assumes the truth of the allegations of the petition, and permits no consideration of facts alleged in support of the motion” (Hondzinski v County of Erie, 64 AD2d 864). Such a motion is available only when the dispute is not of fact but of law. The facts alleged in the petition must be treated as true and should be considered in their most favorable light in support of the petitioner (see Matter of Mitchell v Yates County Sheriff’s Dept., 94 Misc 2d 724).
The affidavit of petitioner, Raymond Corbett, establishes that he is president of the copetitioner, New York State AFL-CIO, and has been so for 17 years. He states that among his chief duties and responsibilities are the “advocation of legislation beneficial to working men and women, the objection of all legislation inimical to their interest, the securing of full benefits of all rights and privileges to wageearners through legislation or otherwise, and in general, the furthering of legislative means which will safeguard and advance the rights and security and welfare of all the people of this state.” He, thereafter, enumerates specific provisions of the Labor Law which have been enacted through the efforts of the AFL-CIO. However, he asserts that he and his organization are not subject to the Regulation of Lobbying Act, in that his activities are not undertaken solely for the benefit of the AFL-CIO, but rather on behalf of all working people, and that therefore, he is exempted from the registration and reporting requirements of said act.
The standard to be applied in reviewing the determination of the commission is whether its decision is arbitrary and capricious. This standard has been interpreted to mean a willful and unreasoning action without consideration of or in disregard of the facts (Matter of Elwood Investors v Behme, 79 Misc 2d 910), or determination without a factual basis (Matter of Highland Brooks Apts. v White, 40 AD2d 178). “Thus, a petition alleging arbitrary conduct should be dismissed where * * * any reasonable explanation of the conduct can be found. (24 Carmody-Wait, New York Practice 2d, § 145:318).” (Semple v Miller, 38 *547 AD2d 174, 176.) Subdivision (b) of section 3 of the act provides that the “term ‘lobbying’ or ‘lobbying activities’ shall mean and include attempts to influence the passage or defeat of any legislation by either house of the legislature or the approval or disapproval of any legislation by the governor, or the adoption or rejection of any rule or regulation having the force and effect of law or the outcome of any rate making proceeding by a state agency.”
Subdivision (a) of section 3 of said act defines the term “lobbyist” as follows: “[it] shall mean and include every person, firm, corporation or association retained, employed or designated by any person, firm, corporation or association, or by any public corporation, who, on behalf of such entity and pursuant to such retainer, employment or designation attempts to influence the passage or defeat of any legislation by either house of the legislature or the approval or disapproval of any legislation by the governor, or the adoption or rejection of any rule or regulation having the force and effect of law or the outcome of any rate making proceeding by a state agency.”
Accepting all of the allegations of the petition as true, this court finds, as a matter of law, that the determination by respondents herein challenged is both reasonable and has a factual basis.
In so ruling, this court does not question petitioner’s valid assertions that he and his organization serve all working men and women, and that such efforts have historically and in contemporary times benefited the general welfare of all of the people of this State. Nor does the registration and reporting requirements of the said lobbying act in any way detract from or reflect upon the vital and beneficial function that the lobbying process has in a democratic society. However, such noble efforts still fall within the ambit of the statute.
Accordingly, the petition shall be dismissed, without costs.