OPINION OF THE COURT
Charles A. Kuffner, J.
This is an application by the defendant Richmond County S.P.C.C. (RCSPCC) pursuant to CPLR 3211 (subd [a], par 7) seeking an order dismissing the first, second and third causes of action in the complaint on the ground that no cause of action is stated. Defendant further seeks a dismissal pursuant to section 1114 of the Not-For-Profit Corporation Law.
The plaintiff, the Attorney-General of the State of New York, has cross-moved for an order, pursuant to CPLR article 31 directing defendant to appear for an examination before trial.
The court will discuss seriatim each of the issues raised by defendant in the instant motion.
*531 At the outset, however, the court notes that while defendant seeks dismissal pursuant to CPLR 3211, it nonetheless has presented to the court a volume of material more suggestive of an application for summary judgment pursuant to CPLR 3212.
A motion to dismiss pursuant to CPLR 3211 (subd [a]) may not be considered by the court as one for summary judgment without adequate notice to the parties. (Aronoff v Albanese, 74 AD2d 810.) In the instant case both parties, by their pleadings and arguments have so treated the application as one mixing both CPLR 3211 (subd [a]) and CPLR 3212.
In considering the application as one pursuant to CPLR 3211 (subd [a]), the court must draw all inferences from the pleadings favorable to the plaintiff. (Katz v American Tech. Inds., 96 AD2d 932.) Furthermore, the facts alleged in the complaint must be assumed to be true. (MacKay v Pierce, 86 AD2d 655.)
AS TO THE FIRST CAUSE OF ACTION
In his first cause of action, the plaintiff alleges that the defendant has not functioned in Richmond County as a society for the prevention of cruelty to children since 1977 and has violated State law and its own governing instruments.
The defendant answers that the plaintiff has failed to specify the public policy it is alleged to have violated and is totally vague. Defendant further argues that there is no statutory requirement that a not-for-profit corporation once formed “engage or function in any substantive activity”.
Section 1403 of the Not-For-Profit Corporation Law vests in the defendant extraordinary powers to assist it in preventing cruelty to children. The section permits of but one society in Richmond County and restricts its activities to this county. (See 8 White, NY Corporations [12th ed], par 1403.00, pp 14-180-180.2.) This court (Rubin, J.), in Matter of S. I. SPCC (SP 584/83) held on December 7,1983 that “there can only be one SPCC allowed in Richmond County.” If there is only one SPCC allowed in Richmond County, public policy dictates that such a society be effective and active. The court rejects defendant’s rather cynical *532 argument that a not-for-profit corporation such as the defendant may, once formed, content itself to remain idle. (See People v North Riv. Sugar Refining Co., 121 NY 582.)
Thus, the first cause of action states a cause of action and the motion to dismiss it is denied.
THE SECOND CAUSE OF ACTION
The second cause of action of the complaint avers that the defendant is no longer able to carry out the purpose for which it was formed.
Section 112 (subd [a], par [7]) of the Not-For-Profit Corporation Law vests in the Attorney-General the status of a member, director or officer of the subject corporation. The granting of such status permits the Attorney-General to maintain such actions as are encompassed by subdivision (a) of section 112. Being so constituted, the Attorney-General has predicated the second cause of action upon section 1102 (subd [a], par [2], cl [E]) of the Not-For-Profit Corporation Law.
After review of the entire complaint, that is, the allegations contained in paragraph 16 thereof (denominated “Second Cause of Action”) and the allegations contained in the preceding paragraphs, it is the opinion of the court that a cause of action is stated. Pleadings are to be liberally construed by the court and complaints should not be dismissed no matter how poorly the facts in the complaint are arranged or stated. (Greschler v Greschler, 71 AD2d 322.)
The motion to dismiss the second cause of action is denied.
THE THIRD CAUSE OF ACTION
In his third cause of action, the plaintiff asserts that the defendant failed to file financial reports as required by EPTL 8-1.4. Plaintiff further contends that the failure to so file constitutes a violation of section 520 of the Not-For-Profit Corporation Law.
The defendant contends that it is not a charitable organization within the meaning of EPTL article 8, and as such, not subject to its reporting provisions. Moreover, defendant states that it is exempt from reporting because at no time during a reporting period did it hold assets equal to or *533 greater than $25,000 (EPTL 8-1.4, subd [h], as amd by L 1982, ch 504, § 1).
The defendant’s contention that it is not a charitable organization within the meaning of EPTL article 8 is without merit.
In May of 1976, the defendant secured a Federal income tax exemption as a charitable organization under section 501 (subd [c], par [3]) of the Internal Revenue Code (US Code, tit 26). Section 501 (subd [c], par [3]) provides that “[corporations * * * organized and operated exclusively for religious, charitable * * * or educational purposes” are entitled to tax exempt status. Specifically, charitable exemptions are justified on the basis that the exempt entity confers a public benefit and therefore the institution must demonstrably serve and be in harmony with the public interest. (Bob Jones Univ. v United States, 461 US 574,_, 103 S Ct 2017, 2029.) Defendant in the instant case obtained the tax exemption by demonstrating that it met these standards. Moreover, the defendant corporation correctly argues that section 501 (subd [c], par [3]) distinguishes between charitable organizations and those for the prevention of cruelty to children. The term “charitable” however, is used in section 501 (subd [c], par [3]) in its generally accepted legal sense and is therefore not to be construed as limited by the separate enumeration in the statute of other tax exempt purposes which may fall within the broad outlines of “charity” as developed by judicial decisions. (26 CFR 1.501 [c] [3]-l [d] [2]; United States Hosp. Servs. v United States, 384 F Supp 776, 779.) Defendant now seeks to refute this status but fails to indicate a change in activities that would take it outside its classification as a charitable organization. (Walz v Tax Comm., 397 US 664, 672-673.)
Defendant’s reliance on People ex rel. State Bd. of Charities v New York Soc. for Prevention of Cruelty to Children (161 NY 233) is similarly unavailing. In State Bd. of Charities, the court found that since the society did not receive or expend public funds, the State Board of Charities had no right to visit the society. (161 NY, at p 244.) Charitable trust law, however, makes clear that the definition of “charity” depends on contemporary standards. (See *534 Restatement, Trusts 2d, § 374, Comment a; Bogert, Trusts and Trustees, § 369, pp 65-67; 4 Scott, Trusts, § 368, pp 2855-2856.) The current classification of a charitable organization is not determined by whether or not the entity receives public funds. The modern standard of public benefit, relied on in Bob Jones Univ. (supra), is determinative in the instant case. As stated, the defendant, on its own initiative, sought out Federal tax exempt status and secured it by demonstrating it was a charitable organization within the contemporary context of the definition.
Plaintiff asserts that defendant’s failure to file financial reports with the Attorney-General from 1976 to 1983 in accordance with EPTL 8-1.4 constitutes grounds for dissolution under section 520 and subdivision (c) of section 1101 of the Not-For-Profit Corporation Law.
Chapter 504 of the Laws of 1982 amended EPTL 8-1.4 (subd [h]) to provide that charitable trusts, corporations, or other entities whose total assets during a reporting period are less than $25,000 shall be exempt from the Attorney-General’s reporting requirements applicable to that period. In June of 1980, the Attorney-General started an investigation into the activities of the defendant corporation which revealed, inter alia, that in April of 1983 the society had assets of less than $100 and that it had received no other gifts, grants, or funding since 1976. It is clear, therefore, that the defendant is exempt from the filing requirement from the date of the amendment, July 13, 1982. Amendments, however, have prospective application only and have no retroactive effect unless the language of the statute clearly indicates that it shall receive a contrary interpretation. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 52.) The amendment in question makes no provision releasing the defendant from its culpability for failing to file the financial reports from 1976 to 1982. Thus, the defendant’s argument that the plaintiff has failed to state a cause of action is unavailing when viewed in light of the plaintiff’s ability to establish a prima facie case indicating the defendant violated EPTL 8-1.4 by failing to file the requisite reports for a period of six years prior to the amendment.
In conclusion, a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 is available only *535 where the dispute pertains to law, not facts. (Matter of New York State AFL-CIO v Stimmel, 105 Misc 2d 545, 546.) In the instant case, the complaint states causes of action. Likewise, sufficient factual disputes exist such as to preclude the granting of summary judgment. The motion to dismiss the third cause of action is denied.
THE PLAINTIFFS’ CROSS MOTION FOR DISCOVERY
Plaintiff brings a cross motion for continued discovery with regard to the activities alleged to have been performed by the RCSPCC for the New York State Select Committee on Crime.
Defendant claims that this motion cannot be granted since it seeks to overcome the privilege claimed by a committee of the New York State Senate when this legislative body is neither a party to this action nor has it received any formal notice of this attempt to circumvent the privilege claimed.
The privilege, asserted by the defendant, under the speech and debate laws of section 11 of article III of the New York State Constitution states that members of the Legislature are not to be questioned for any speech or debate made within their duties as legislators in any other place than the Legislature.
In Lincoln Bldg. Assoc. v Barr (1 Misc 2d 511), a legislator was subpoenaed to testify on two matters of fact pertinent and relevant to issues involved in that case. The court held that “immunity comes solely within the ambit of protection — not privilege. And that protection * * * is carried elsewhere with the legislator himself so as to constitute a defense to a suit, for instance, for libel and slander for his utterances made therein in his official capacity.” (Supra, at p 514.) The privilege is “confined to a freedom from suit, civil or criminal, for his utterances and activities qua legislator.” (Supra, at p 515.)
Thus, if the legislator to be questioned is not a party to the pending action, and no criminal or civil actions are pending against him as to his testimony, then the privilege does not exist.
If the privilege does not exist for the legislator in this instance, since there is no criminal or civil action pending *536 against the New York State Select Committee on Crime, the court is strained to see how the privilege may be invoked by the directors and agents of the RCSPCC.
As to the public good, so long as there is no threat of prosecution, legislators must come forward when summoned and give an accounting when asked. (Lincoln Bldg. Assoc. v Barr, 1 Misc 2d 511, supra.) If members of the New York State Select Committee on Crime were subpoenaed, and asked to give testimony as to their activities in conjunction with the RCSPCC, they would not be allowed to invoke this privilege. Thus, the directors and agents of the RCSPCC may not assert this privilege.
Accordingly, the motions to dismiss are in all respects denied.
The cross motion is granted. The defendant is directed to appear at Special Term, Part II, of this court at 10 a.m. on July 31, 1984 for continued deposition by a person having knowledge of the services performed for the New York State Select Committee on Crime.