OPINION OF THE COURT
Charles A. Kuffner, Jr., J.
The defendant, Louis Ferrara, stands indicted with two counts of criminal possession of a weapon in the third degree.
Defendant was a director and president of the Society for the Prevention of Cruelty to Children (SPCC), a not-for-profit corporation located in Sullivan County, New York. By virtue of charter membership in this corporation, defendant enjoyed the status of peace officer, pursuant to CPL 2.10 (7) and was, thus, entitled to carry a handgun.
On July 26, 1984, defendant appeared at the Richmond County District Attorney’s Office with the hope of discussing the investigation of a Staten Island child who had allegedly been abused at a camp located in Sullivan County. During the course of an interview, Detective Felix Alba of the District Attorney’s Office Squad observed that defendant was in possession of handguns. Alba initiated an inquiry of defendant’s status as peace officer, utilizing the Division of Criminal Justice Services (DCJS). The DCJS maintains a current listing of names, birth *688 dates and other pertinent information of peace officers, pursuant to its authority under Executive Law § 845-a. Upon discovering that defendant’s name had been deleted from the DCJS list, Alba had probable cause to place defendant under arrest. Defendant, who was subsequently indicted, now seeks a dismissal of the indictment.
It appears conceded that the DCJS deleted defendant’s name from its registry in 1983, when it learned that defendant no longer considered himself to be a resident of Sullivan County. In 1983 defendant attempted to found a Richmond County chapter of the SPCC. When filing the certificate of incorporation, defendant used his brother’s Staten Island address as defendant’s mailing address. Public Officers Law § 3-b states that peace officers appointed by a society must reside in the appointing county. Thus, it is argued, if defendant resided in Staten Island, then he no longer fulfilled the requisite residency requirement for peace officer status in Sullivan County.
The crucial issue for determination is whether DCJS possessed the authority to unilaterally remove defendant’s name from its listing, pursuant to the power granted it under Executive Law § 837, and more specifically, Executive Law § 845-a. If DCJS acted outside the scope of its statutory authority, the defendant, at the time of his arrest, was a legitimate peace officer of Sullivan County, entitled to carry a handgun at all times within the State of New York (CPL 2.30) and the indictment must fail. This presents an issue of apparent first impression.
Defendant contends that his name was improperly deleted from the DCJS list as a result of misinformation regarding residence, and notwithstanding, that DCJS was not empowered by statute to remove defendant’s name. The court agrees that DCJS, acting on its own initiative, lacked the authority to determine defendant’s peace officer status. Executive Law §§ 845 and 845-a created a central Registry of Peace Officers, which provided that DCJS must maintain a current listing of peace officers within the State, such information to be reported to DCJS by the heads of certain organizations as defined in section 845-a (2). Nothing is mentioned in the statute that empowers the DCJS to determine who is or is not a peace officer.
In response to the instant motion, the People argue:
1) That the legislative purpose of Executive Law §§ 845 and 845-a is to enable other law enforcement officials within the State to determine if an individual is a peace officer;
*689 2) In pursuance of this goal, DCJS had the responsibility of removing defendant’s name from the list when DCJS discovered that defendant no longer resided in Sullivan County;
3) The DCJS removed defendant’s name in order to ensure that the list accurately reflected the names of current peace officers, and
4) That the information although received from a source outside of those contained in Executive Law § 845-a (2) does not preclude DCJS from utilizing such information.
It is undisputed that on December 14,1983, the DCJS wrote to the SPCC informing it of its deletion of defendant’s name from the registry of peace officers, by virtue of the residency given by defendant in his application to form an SPCC in Richmond County. Beyond this notification no other action was taken by DCJS.
Assuming, arguendo, that the DCJS was correct in its determination that the defendant had taken action inconsistent with the maintenance of his peace officer status, the question remains whether the DCJS had the authority to determine, on its own, whether defendant continued, in fact, as a peace officer.
Because the court is of the opinion that the authority given to the DCJS under Executive Law §§ 845 and 845-a does not encompass that of determining the status of peace officers it follows that the removal of an individual’s name from the registry of peace officers maintained by that agency, when precipitated by a unilateral decision on the part of the DCJS, does not effect a change in the status of that individual as a peace officer.
The mandate given to the DCJS through the enactment of Executive Law §§ 845 and 845-a was to maintain a registry of peace officers, not to make unilateral determinations of the status of those whose names are provided to it by the agencies contained in section 845-a (2).
Where, as in the instant case, the DCJS had a legitimate concern that the Sullivan County SPCC had maintained as a peace officer a person not otherwise entitled by law to that status it was not without a remedy.
Executive Law § 845-a (5) permits the DCJS to apply to the Supreme Court for an order directing the agencies denominated in section 845-a (2) to comply with the filing requirements of that statute.
Subdivision 5 permits the court entertaining such an application to issue “such order as may be just”. Had the DCJS so *690 moved in 1983, a determination as to the accuracy of the information provided it by the Sullivan County SPCC might have been had.
Additionally, the DCJS could have sought the assistance of the Attorney-General of the State of New York. The Attorney-General is ex officio a member, director or officer of such a corporation as the Sullivan County SPCC. (Not-For-Profit Corporation Law § 112 [a] [7]; see, Abrams v Richmond County S.P.C.C., 125 Misc 2d 530.) By virtue of such status, as well as by virtue of the authority granted to the Attorney-General under Not-For-Profit Corporation Law § 112 (a) (1) and § 1101 actions or proceedings could have been instituted to restrain the SPCC from maintaining ineligible persons as peace officers or to dissolve the corporation in its entirety.
In the ordinary case, the agency certifying the status of an individual as a peace officer will be the same agency giving notification of the deletion of such status to the DCJS. Where, as here, the DCJS has reason to believe that the individual so certified is not eligible for that status it must have recourse to the courts as above-mentioned for a judicial determination of the question. That such action may be burdensome cannot be gainsaid. Absent, however, legislative action empowering the DCJS, the Attorney-General or the District Attorneys of the several counties to seek a more expedient form of relief, the court cannot strain the language of the statutes herein involved to find a delegation of authority not intended by the Legislature.
The indictment is, in its entirety, dismissed.