OPINION OF THE COURT
Vincent R. Balletta, J.
The Society for the Prevention of Cruelty to Children of the *272 County of Nassau, Inc. (hereinafter the applicant) has brought the instant motion seeking an order dispensing with the approval of the New York Society for the Prevention of Cruelty to Children (hereinafter the New York SPCC) and a further order approving the applicant’s certificate of incorporation.
The statutory authority providing for the incorporation of a society for the prevention of cruelty to children (SPCC) is contained in the Not-For-Profit Corporation Law (N-PCL). Pursuant to that statute, every certificate of incorporation of such a society must have annexed thereto the approval of the New York SPCC or a court order dispensing with such approval. (N-PCL 404 [g].)
By a letter dated May 6, 1987, the New York SPCC "disapproved the incorporation [of the applicant] based on the existence of a duly authorized SPCC in Nassau County”. It appears that another organization, the Nassau Society for the Prevention of Cruelty to Children, was incorporated in 1979 and continues to the present time to operate in Nassau County.
Thereafter, the applicant commenced this proceeding to obtain court approval of its incorporation. The application is opposed by the New York SPCC and the New York State Attorney-General’s office solely on the grounds that there already exists an SPCC within Nassau County. The court would particularly point out that absolutely no one has questioned the fitness of the applicant to engage in activities on behalf of children; and, therefore, that issue is not before the court.
The essence of the New York SPCC’s opposition to the applicant is succinctly stated in its May 6, 1987 letter of disapproval: "While section 1403 of the Not-For-Profit Corporation Law has no express prohibition against two societies operating in the same county, it is clearly the intent of the law that there be only one society incorporated in each county.”
The Attorney-General "agreed with the legal position of the New York SPCC [that] the clear intent of the legislature as expressed in N-PCL § 1403 is to limit the number of corporations for the prevention of cruelty to children to one per county”.
N-PCL 1403 (a) reads in pertinent part as follows:
"(a) Prohibition of new corporations in certain counties. (1) *273 A corporation for the prevention of cruelty to animals shall not hereafter be incorporated for the purpose of conducting its operations in the counties of New York, Kings, Queens, Richmond, Rensselaer, or Westchester outside of the city of Yonkers; or in any other county if thereby two or more such corporations would exist in such county except as provided in subparagraph three hereof. Any corporation for the prevention of cruelty to children or to animals or to both may exercise its powers and conduct its operations in any adjacent county in which no such corporation exists until the establishment of such a corporation therein. The Brooklyn society for the prevention of cruelty to children may exercise all its powers in the county of Nassau until a society for the prevention of cruelty to children shall be incorporated and located therein, and may exercise all its powers in the county of Suffolk until such a corporation is incorporated and located therein * * *
"(3) In any county having a population of one hundred thousand or less, where there is already in existence a corporation duly incorporated for the prevention of cruelty to children or animals and where it appears that the functions of such corporation are confined to a local area in such county and where it further appears that part of such county is not served by the existing corporation, an application may be made for the incorporation of a second such corporation in such county. If it appears to the satisfaction of the court that such existing corporation does not serve the area from which the application for incorporation of a new corporation is made, the court shall approve the proposed certificate of incorporation.”
The specific question of whether the statutory provision set forth above permits only one SPCC in a county has apparently not yet been considered by an appellate court. Further, the three Supreme Court decisions cited by the parties in their motion papers are split on the issue.
In Matter of Richmond County Socy. for Prevention of Cruelty to Children (Sup Ct, Richmond County, Dec. 7, 1983, index No. SP405/83) and in Matter of Staten Is. Socy. for Prevention of Cruelty to Children (Sup Ct, Richmond County, Dec. 7, 1983, index No. SP584/83), Justice Rubin held that the statute only permits one society per county, stating simply: "Section 1403 (a) [sic] of the Not for Profit Corporation Law provides that in a County having a population of 100,000 or less, where there is a Society for the Prevention of Cruelty to *274 Children in existence, an application may be made for the incorporation of a second society under certain circumstances. Richmond County is a County with a population in excess of 100,000, and the section is therefore, by its own terms not applicable to this County. Therefore, under the terms of the Statute there can only be one Society for the Prevention of Cruelty to Children in Richmond County.”
These cases were cited with approval in Abrams v Richmond County S.P.C.C. (125 Misc 2d 530 [Sup Ct, Richmond County 1984]), wherein Justice Kuffner stated that "[t]he section permits of but one society in Richmond County”. (125 Misc 2d, supra, at 531.)
On the other hand, Justice McCarthy in Matter of American Socy. for Prevention of Cruelty to Children (Abrams) (Sup Ct, Suffolk County, June 16, 1980, index No. 10630/79) reached a contrary conclusion. In American Socy., the New York SPCC made the same argument as they have made here, namely, that while there is no express prohibition against more than one society, that clearly is the legislative intent. Justice McCarthy rejected that argument: "The Court does not find that intent clearly evident. There is no direct expression of such intent in the text of the section or is such a conclusion inescapable from other elements known from or given in the text.”
Justice McCarthy went on to analyze the statutory language: "Subdivision [a] [1] of Sec. 1403 restricts the incorporation of societies for the prevention of cruelty to animals to one society for certain downstate counties, including Suffolk, but is silent as to such a restriction to societies for the prevention of cruelty to children. It does contain language that the Brooklyn Society shall act in Suffolk until a corporation for the society for the prevention of cruelty to children is incorporated and located here. Subdivision [2] throws little light on the legislative intent. Subdivision [3] refers to a county having a population of 100,000 or less, where there is an existing corporation and where it appears the functions thereof are confined to a local area. If it appears that the existing corporation does not serve the area, then the court may approve the incorporation of a second society.” (Emphasis in the original.)
After referring to the well-established maxim of statutory construction, expressio unius est exclusio alteris (i.e., where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn *275 that what is omitted or not included was intended to be omitted or excluded; McKinney’s Cons Laws of NY, Book 1, Statutes § 240), Justice McCarthy concluded that "there is no restriction on the existence of more than one society for the prevention of cruelty to children in this county”. (Supra.)
The Appellate Division reversed Justice McCarthy (86 AD2d 607 [2d Dept 1982]) on other grounds and expressly pointed out that it did not reach the question of whether the statute prohibited more than one society in a county. The Court of Appeals (58 NY2d 1071) reversed the Appellate Division and remitted the matter back to the Supreme Court for further consideration of the question of whether a society organized under the laws of the State of Delaware such as the American Society could properly function in New York.
Of the three decisions, this court is in agreement with the opinion of Justice McCarthy. There is nothing in N-PCL 1403 which expressly prohibits the existence of two or more SPCCs in a county the size of Nassau; and, without such a clear and unequivocal statutory prohibition, the court will not invent one.
The court is also of the opinion that to adopt the position of the New York SPCC and the Attorney-General, i.e., that only counties with a population of less than 100,000 people are allowed two or more societies, would be completely illogical. It does not stand to reason that the Legislature would allow smaller counties to have more than one SPCC, yet limit a larger county with a greater population, and therefore in greater need of such beneficial services on behalf of abused and neglected children, to only one such society.
As the Attorney-General correctly points out, SPCCs enjoy extraordinary law enforcement and prosecutorial powers in order to assist them in carrying out the public policy of the State to protect children from abuse and neglect. (N-PCL 1403 [b].) Among the other statutory rights and prerogatives enjoyed by an SPCC and its members is the right to: make arrests as peace officers under CPL 2.20 and 140.25; take children into protective custody under Social Services Law § 417 (sometimes without court order, Family Ct Act § 1024); to supervise parents and others after a finding of neglect or abuse under Family Court Act § 1054; initiate child protective proceedings under Family Court Act § 1032; and obtain copies of confidential child abuse reports under Social Services Law §§ 424 and 425. It should be noted that by Laws of 1987 (ch *276 734), CPL 2.10 was amended so as to require SPCC members to obtain licenses to carry firearms (prior thereto they did not have to).
However, while it may be true that SPCCs and their members enjoy certain extraordinary powers, neither the Attorney-General nor the New York SPCC has questioned the fitness or the qualifications of the applicant herein to use those powers.
Accordingly, the application is granted.