■ THE PEOPLE OF THE STATE OF NEW YORK, by ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent, v WESTCHESTER COUNTY S.P.C.C. et al., Appellants. [604 NYS2d 579] —In an action by the Attorney-General on behalf of the People of the State of New York, *inter alia,* for the dissolution of the defendant not-for-profit corporation, the defendants appeal from (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered May 21, 1991, which granted the Attorney-General's motion for partial summary judgment, *inter alia,* dissolving the defendant corporation for failure to register with and report to the Attorney-General pursuant to EPTL 8-1.4, and enjoining the defendant Kenneth Ellman from serving as an officer, director, or agent of any society for the prevention of cruelty to children, and (2) a judgment of the same court, dated July 29, 1991, which, *inter alia,* ordered the dissolution of the defendant corporation.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The defendant Westchester County Society for the Prevention of Cruelty to Children (hereinafter the SPCC) was incorporated in 1974 pursuant to the Not-For-Profit Corporation Law. In 1987, the Attorney-General commenced this action on

behalf of the People of the State of New York against the SPCC, seeking its dissolution on the grounds that it had exceeded its authority, abused its power, conducted business in a fraudulent manner, and failed to register and file annual financial reports with the Attorney-General as required by EPTL 8-1.4. In November 1990 the SPCC moved to dismiss the causes of action in the Attorney-General's complaint which alleged that the SPCC had willfully failed to register with the Attorney-General and to file reporting documents under EPTL 8-1.4. The Attorney-General cross-moved for partial summary judgment directing the SPCC to register and file the required financial reports. By order entered January 25, 1991, the Supreme Court denied the defendants' motion to dismiss and granted the Attorney-General's cross motion requiring the SPCC to register with and report to the Attorney-General's office pursuant to EPTL 8-1.4.

On February 11, 1991, the Attorney-General's office sent a certified letter to the SPCC's attorney, with copies to the directors of the SPCC, demanding that the SPCC comply with the order entered January 25, 1991, directing the SPCC to register and report to the Attorney-General under EPTL 8-1.4. In the letter, the Attorney-General demanded that the SPCC comply with the court's order within 30 days, or the Attorney-General's office would seek immediate dissolution of the corporation. The SPCC did not respond to this letter.

Despite the court's order of January 25, 1991, and the above-mentioned letter of February 11, 1991, from the Attorney-General's office, the SPCC never registered or filed the required reports with the Attorney-General's office. By notice of motion dated April 3, 1991, the Attorney-General moved for partial summary judgment dissolving the SPCC for its willful failure to register and report to the Attorney-General as required by law and by the prior order entered January 25, 1991. The court directed the dissolution of the SPCC.

We agree with the determination of the Supreme Court that the SPCC is subject to registration with and reporting to the Attorney-General pursuant to EPTL 8-1.4. EPTL 8-1.4 (a) (1) requires any "trustee" to register with and report to the Attorney-General. The definition of a trustee includes "any non-profit corporation organized under the laws of this state for charitable purposes", and "any individual * * * [or] corporation holding and administering property for charitable purposes" (EPTL 8-1.4 [1], [2]). In view of the language in its certificate of incorporation, which included a statement of corporate purpose specifying that the SPCC was authorized to

exercise all of the general powers enumerated in N-PCL 202, and that it was also authorized to "solicit, receive and maintain a fund or funds of real and personal property, and use the income and principal thereof for corporate purposes", in addition to the stated corporate purpose of operating for the prevention of cruelty to children, we find that the SPCC was organized for charitable purposes *(cf., People ex rel. State Bd. of Charities v New York Socy. for Prevention of Cruelty to Children,* 161 NY 233; *Abrams v Richmond County S.P.C.C.,* 125 Misc 2d 530). Thus, the Supreme Court properly determined that the SPCC was subject to the registration and reporting requirements of EPTL 8-1.4.

The Attorney-General made out a prima facie case for summary judgment dissolving the corporation. It is well settled that " 'one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim * * * mere conclusions, expressions of hope or unsubstantiated allegations are insufficient' " *(Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 533; *see, De Santis v Romeo,* 177 AD2d 616; *see also, Zuckerman v City of New York,* 49 NY2d 557, 562). The SPCC made no assertion in its papers in opposition to the motion for summary judgment that it had complied or attempted to comply with the order directing that it register with and report to the Attorney-General pursuant to EPTL 8-1.4. Thus, we find that summary judgment was properly granted to the Attorney-General.

The defendants' remaining arguments are without merit. Balletta, J. P., Rosenblatt, Santucci and Joy, JJ., concur.